582 A.2d 367

**COMMONWEALTH of Pennsylvania SCHOOL EMPLOYEE'S RETIREMENT FUND**

**v.**

**Barbara TERRELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1990.

Filed Nov. 13, 1990.

Alan M. White, Philadelphia, for appellant.

Lawrence T. Phelan, Philadelphia, for appellee.

Before ROWLEY, McEWEN and CERCONE, JJ.

CERCONE, Judge.

This appeal is from an order of the Court of Common Pleas of Philadelphia County granting appellee's motion for summary judgment. We reverse.

On May 2, 1973, appellant purchased a home by executing and delivering a mortgage to Colonial Mortgage Service Company. The mortgage, which is insured by the Federal Housing Administration (FHA) was assigned to appellee on August 7, 1979. In May, 1989, appellee instituted the instant action in mortgage foreclosure based upon appellant's default in mortgage payments beginning August 1, 1988. At the close of the pleadings, appellee filed a motion for summary judgment. In her answer to that motion, appellant alleged in an affidavit that she had been laid off from her job in the summer of 1988 and received unemployment compensation of less than $200.00 per month. Appellant indicated that she was able to secure new employment, at substantially lower pay, in October, 1988. She also stated that she was, at the time of the affidavit, able to resume her previous payments of $119.00 per month, but would be unable to immediately repay the past due amounts on the mortgage. Appellant asserted that she had proposed several alternative repayment plans to appellee, but her proposals had been rejected. She also asserted several legal defenses to the mortgage foreclosure action.

The lower court granted appellee's motion for summary judgment after which appellant filed this timely appeal. On appeal, appellant raises the following issue:

Did the lower court err in granting summary judgment for the plaintiff, finding that defendant had no legal defenses, when defendant submitted an affidavit in support of her three well-pleaded defenses to mortgage foreclosure, including the F.H.A. servicing defense recognized by this Court in *F.N.M.A. v. Smith,* 530 A.2d 919 (Pa.Super.1987)? [sic]

Summary judgment should be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law...." Pa.R.C.P., Rule 1035(b), 42 Pa.C.S.A. In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, and any doubts must be resolved against the entry of the judgment. *Yaindl v. Ingersoll–Rand Company,* 281 Pa.Super. 560, 422 A.2d 611 (1980).

Appellant's first argument is that the lower court erred in granting summary judgment because appellant properly denied in her pleadings that appellee was entitled to foreclose on the mortgage because of appellee's failure to properly service the mortgage. In support of this argument, appellant cites *Fleet Real Estate Funding Corp. v. Smith,* 366 Pa.Super. 116, 530 A.2d 919 (1987) and *Union National Bank of Little Rock v. Cobbs,* 389 Pa.Super. 509, 567 A.2d 719 (1989). In *Smith,* a panel of this court reversed the lower court's grant of summary judgment where the mortgagor of a mortgage insured by the Federal Housing Administration (FHA) raised as a defense to a foreclosure action the mortgagee's failure to comply with the forbearance provisions in the regulations and handbook issued by the federal Department of Housing and Urban Development in relation to FHA loans. The *Smith* court held that such a defense, equitable in nature, could be

appropriately raised in such a case, and that since the appellant in *Smith* had alleged by pleading and affidavit the mortgagee's failure to service the loan according to the regulations, the lower court erred in granting summary judgment. *Fleet Real Estate Funding Corp. v. Smith, supra,* 366 Pa.Super. at 123–25, 530 A.2d at 923–24. In *Cobbs,* an identical result was reached in relation to a loan federally insured by the Veterans' Administration. *Union National Bank of Little Rock v. Cobbs, supra,* 389 Pa.Super. at 517–18, 567 A.2d at 723–24.

We have reviewed the pleadings and affidavits in the instant case, and find that they raise the same issue as was addressed in *Smith, supra.* Appellant in the instant case has alleged that she sought appellee's assistance and approval of her proposals to deal with the default in payments during the time of her unemployment and immediately thereafter. She also alleged her ability to resume regular monthly payments at the same rate as prior to the default, as well as appellee's refusal to consider her proposals or to work with her to restore her loan to a current payment status. This, she alleged, was in contravention of the HUD handbook and regulations.

Under this court's holding in *Smith, supra,* appellant's allegations were sufficient to put in issue the equitable defense of appellee's compliance with the loan servicing provisions relevant to loans insured by the FHA. Appellant placed this defense in issue and alleged facts supporting such defense. Viewing the record in the light most favorable to appellant, the non-moving party, the record establishes that a material issue of fact exists as to whether appellee complied with the requirements of the HUD handbook prior to instituting the instant foreclosure action. As a material issue of fact exists, we must reverse the order of the lower court granting summary judgment on appellee's motion, and remand the case to the lower court for further proceedings which will permit full consideration of appellant's properly raised equitable defense. Given this result,

we need not address appellant's remaining arguments on appeal.

Order reversed; case remanded for further proceedings consistent with this opinion; jurisdiction relinquished.