## Mortgage Electronic Registration Systems, Inc. v. Hargrove

C.P. of Monroe County, no. 718 CV 2006.

*David A. Martino*, for plaintiff.
*Chandra M. Arkema*, for defendants.

ZULICK, *J.*, October 26, 2010—This case comes before the court on defendants' petition to set aside sheriff's sale of real estate. Defendants/petitioners Anthony and Jeanine Hargrove (the Hargroves) were the owners of a home located at 1110 Meadow Lake Drive, Effort, Pa, 18330. Plaintiff/respondent Mortgage Electronic Registration Systems, Inc. (MERS) filed a mortgage foreclosure action against the Hargroves on February 2, 2006. MERS obtained a default judgment on March 23, 2006. A sheriff's sale was scheduled for August 27, 2009.

On July 11, 2009 the Hargroves entered into a "Home Affordable Modification Trial Period Plan," pursuant to a federal program for loan modification with MERS that allowed a 90 day trial loan modification. The Hargroves failed to meet the underwriting and/or delinquency standards for further modification because they did not make payment(s) as required under the trial agreement. As a result, MERS rescheduled the sheriff's sale for October 29, 2009 and then to December 3, 2009. The Hargroves were sent a letter by the mortgage servicer, Saxon Mortgage Services, Inc. (Saxon), dated November 6, 2009 informing

them that they had failed to meet the underwriting and/or delinquency standards because they had failed to make scheduled payments. They were also informed that they could continue making payments until expiration of the agreement. The home was sold at the December 3, 2009 sheriff's sale. The Hargroves filed a petition to set aside the sheriff's sale on December 15, 2009. MERS answered the petition and argument was scheduled for April 5, 2010. The Hargroves then obtained a bankruptcy stay, and the argument was postponed. On September 9, 2010, MERS obtained an order for relief from stay, and the case was argued on October 4, 2010.

## DISCUSSION

The Hargroves' petition to set aside the sale relies upon Pennsylvania Rule of Civil Procedure 3132:

Rule 3132. Setting aside sale

Upon petition of any party in interest before delivery of...the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

"The relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale." *Irwin Union Nat'l Bank & Trust Co. v. Famous*, 4 A. 3d 1099, (Pa. Super. 2010). The determination to set aside a sheriff's sale is within the sound discretion of the trial court. *Merrill Lynch Capital v. Steele*, 859 A.2d 788, 791 (Pa. Super. 2004), appeal denied, 872 A.2d 1199 (Pa. 2005). A petition to set aside a sheriff's sale is based on equitable principles. *Nat'l Penn Bank v. Shaffer*, 672 A.2d 326, 329 (Pa. Super.

1996). The petitioner has the burden of proof by clear and convincing evidence the circumstances warranting the exercise of the court's equitable powers. *Levitt v. Patrick*, 976 A.2d 581, 590 note 4 (Pa. Super. 2009). The request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. *Kaib v. Smith*, 684 A.2d 630, 631 (Pa. Super. 1996) (internal citations omitted). Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process. *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164, 167 (Pa. Super. 2002), appeal denied, 820 A.2d 702 (2003). This court will not reverse the trial court's decision absent a clear abuse of discretion. *Id.*

The Hargroves argue that the December 3, 2009 sale should be set aside on equitable grounds because 1) the Hargroves did not have actual knowledge of the sale; and 2) because the record allegedly does not reflect proper service. I will address those arguments in reverse order here.

## I. Proper Service of Process

In order for notice of a sheriff's sale of real property to be valid, it must be reasonably calculated to inform interested parties of the pending action and the information necessary to provide an opportunity to present objections. *M & T Mortgage Corp. v. Keesler*, 826 A.2d 877, 880 (Pa. Super. 2003). Notice of sheriff's sale of property is defective if the sale is continued indefinitely, no certain date is set, and no new notice of rescheduled sheriff's sale was given to the property owner. *First E. Bank N.A. v. Campstead,*

*Inc.*, 637 A.2d 1364, 1366 (Pa. Super. 1994). Pursuant to Pa.R.C.P. 3129.2, the sheriff is required to post the subject property with the handbill and serve defendants with the notice of sale at least 30 days prior to the sale. The burden of showing inadequate notice resulting in prejudice is on the party who seeks to set aside the sale. *Kaib*, 929 A.2d at 1167.

The Hargroves argue that notice was not proper as they allege that they did not receive written notice as required by Pa.R.C.P. 3129.2. On that basis they contend the sale is void. They assert that "[t]he [Pa.R.C.P.] 3129.1 Affidavit does not attach the Exhibits to reflect service...[t]herefore, since the notice is improper, the title must be revert [sic] to the owner." *Hargrove brief*, page 3 (citing *Russell v. Pivorotto*, 1975 WL 16792 (Allegheny C.P. 1974)). The Hargroves do not attach the affidavit in question to their petition and so I must assume they refer to the affidavit filed on June 22, 2009. Paragraph 3 of that affidavit provides: "[i]f a return receipt is not attached hereto, then service was by personal service on the date specified on the attached Return of Service, attached hereto as exhibit 'B'." Thus, the reason the return receipt was not attached to the affidavit was because personal service had been effected.

MERS has attached the sheriff's returns of service to its response to the petition. The returns indicate that both of the Hargroves were personally served with notice of the August sheriff's sale on May 13, 2009. No new notice was required for the October or December sales. Pa.R.C.P. 3129.3 provides that if a sale is continued or postponed to a date certain within one hundred thirty days of the scheduled sale, notice of which was given

in accordance with Pa.R.C.P. 3129.2, no new notice is required. The rule also provides that "there may be only two such stays...within the one hundred thirty day period without new notice." *Id.* A public announcement at the original sale or subsequent sale serves as sufficient notice for the continued or postponed sales. Here, notice was properly given for the August sale. After that, the October and December sales occurred on certain dates within one hundred thirty days of the scheduled sale. As a result, the public announcements postponing the sale at the August and October hearings served as sufficient notice to the Hargroves. For these reasons, the Hargroves have not met their burden in showing inadequate notice. It appears full notice of sale occurred and that MERS complied with Pa.R.C.P. 3129(2)(a) and Pa.R.C.P. 402(a).

## II. Actual Knowledge of Sheriff's Sale

The Hargroves assert that the court should set aside the sheriff's sale because they did not have actual knowledge of the sale. Due process requires that notice to a mortgagee be *reasonably calculated* to provide *actual notice* of a foreclosure sale. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) (emphasis added). Our Supreme Court has recognized that mortgagors are entitled to be notified of foreclosure sales in conformity with *Mennonite Board, RTC Mortg. Trust 1994-N-2 v. Fry*, 556 Pa. 603, 606, 730 A.2d 476, 478 (Pa. 1999) (citing *First Pa. Bank v. Lancaster County Tax Claim Bureau*, 470 A.2d 938, 941-42 (Pa. 1983)).

While due process, Pennsylvania case law and Pennsylvania Rules of Civil Procedure require a mortgagee to make an effort reasonably calculated to provide *actual*

*notice*, they do not require a perfect effort resulting in *actual knowledge*. Here, MERS fully complied with Pa.R.C.P. 3129.2. As a result of this effort, the Hargroves received formal notice of the August sale. After providing that notice, the rules allow announcements at the sale as proper notice of the continued sale. Actual notice is not required by the rules, and the borrower must exercise some diligence in determining the outcome of the sheriff's sale that was scheduled in accordance with the rules. See discussion, supra.

### III. *Equitable Grounds*

The Hargroves do not raise adequate equitable grounds to set aside the sale. While a mortgage foreclosure is an action at law, equitable relief may be available if such relief is consistent with principles of law. *Union Nat'l Bank of Little Rock v. Cobbs*, 567 A.2d 719, 721 (Pa. Super. 1989). A petition to set aside a sheriff's sale is based on equitable principles. *Nat'l Penn Bank v. Shaffer*, 672 A.2d 326, 329 (Pa. Super. 1996). The petitioner has the burden of proof by clear and convincing evidence the circumstances warranting the exercise of the court's equitable powers. *Levitt v. Patrick*, 976 A.2d 581, 590 note 4 (Pa. Super. 2009).

Here, the Hargroves do not present clear and convincing evidence justifying the use of the court's equitable powers. They argue that they relied on representations by MERS and debt collector Saxon in "allow[ing] the bankruptcy to be dismissed." *Hargrove brief*, page 2. They base their reliance on the "modification agreement" and November 6, 2009 letter from debt collector Saxon informing them that they "could continue to make their payments." *Id.*

In requesting equitable relief and stressing their reliance on the representations of MERS and Saxon, the Hargroves call for application of the doctrine of equitable estoppel.

Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. A doctrine sounding in equity, equitable estoppel recognizes that an informal promise implied by one's own words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment may be enforced in equity. *Kreutzer v. Monterey County Herald Co.*, 560 Pa. 600, 606, 747 A.2d 358, 361 (Pa. 2000) (quoting *Novelty Knitting Mills v. Siskind*, 457 A.2d 502, 503 (Pa. 1983)).

Here, the representations of MERS were not reasonably relied upon. The "modification agreement" was in fact a "home affordable modification *trial period* plan." *Attachment to Hargrove brief* (emphasis added). The plan is part of a federal program that requires borrowers to enter into such a trial period before they may receive a permanent home affordable modification. The trial plan is not a permanent modification precluding the possibility of a sheriff's sale. In fact, if a borrower does not meet the underwriting and/or delinquency standards of the federal program's trial period, a permanent home affordable modification will not be awarded. The Hargroves took part in a three-month trial period during which they were to make monthly payments by the first day of July, August, and September of 2009. They failed to abide by the payment schedule and essentially failed the purpose of the trial period—to test their ability to succeed under a permanent modification. The lender put the Hargroves on

notice that their trial plan was not successful. As a result, it was not reasonable for the couple to rely on the trial period agreement to protect their house from being sold at the sheriff's sale. They knew or should have known that the opportunity for a second chance on their mortgage was attempted but did not work and that MERS therefore was able to follow through on its right to sell the property.

It was also not reasonable for the Hargroves to rely upon Saxon's letter of November 6, 2009 as assurance that their home would not be sold. In that letter, Saxon made clear that the Hargroves had "not me[t] the underwriting and/or delinquency standards of the program...because... payments [were] not received according to agreement." *Attachment to Hargroves' reply to MERS' response.* It also stated that "[a]lthough you will not be given a final modification agreement, you will be permitted to continue to make your trial modification payments until the expiration of the agreement." *Id.* It was not reasonable for the Hargroves to interpret language allowing them to complete their obligations in the trial period as assurance their house would not be sold. In the same letter, they received notice that they had failed to meet the standards of the program and would not be given a permanent agreement.

Finally, the Hargroves' argument for equitable relief hinges on their contention that they "allowed the [chapter 13] bankruptcy to be dismissed" with prejudice in reliance on MERS' and Saxon's representations. *Hargrove brief, page* 2. However, they have failed to provide clear and convincing evidence of that circumstance. In fact, Judge Opel's August 18, 2010 order in United States Bankruptcy Court modifying the stay of proceedings to allow MERS

to proceed with foreclosure suggests . otherwise. *See Order of Bankruptcy Court for the Middle District of Pennsylvania, filed of record in this court on September 9, 2010*. The modification order was granted after Wells Fargo filed a motion for "In Rem Extraordinary Relief from Automatic Stay to Permit Movant to Take Legal Action for Enforcement of its Right to Possession of Premises located at 1110 Meadow Lake Drive, Effort, PA." *Id.* The Hargroves provide no additional documentation of their contention that it was they who allowed the chapter 13 bankruptcy to be dismissed. It is also clear from the record that the Hargroves were given an opportunity to modify their mortgage before sale, but that modification was unsuccessful due to their inability to comply with the trial agreement. Accordingly, I find no basis on which to exercise the court's equitable powers to set aside the sale.

### ORDER

And now, October 26, 2010, upon consideration of the petition to set aside sheriff's sale of the defendants, Anthony and Jeanine Hargrove, and the parties' briefs and arguments, it is hereby ordered that defendants' petition is denied.