J-A25025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EASTERN SAVINGS BANK, FSB | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALFRED MICHENER, JACQUELINE ROSS MICHENER AND KATHRYN P. SURRATT | |
| APPEAL OF: ALFRED MICHENER, JACQUELINE ROSS MICHENER | No. 1137 EDA 2014 |

Appeal from the Judgment Entered on March 27, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No.: 2009-06129-18-1

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED NOVEMBER 24, 2014**

Alfred Michener and Jacqueline Michener (collectively "the Micheners") appeal the order granting summary judgment in favor of Eastern Savings Bank, FSB ("Eastern").  We affirm.

On September 6, 2006, the Micheners executed a Promissory Note in the principal sum of $300,000 in favor of Chase Bank USA, N.A.[1]  The Micheners, along with Kathryn Surratt, executed a Mortgage securing the

---

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     Eastern's standing in this matter is not in dispute.  On March 6, 2008, Chase Bank USA assigned the mortgage to Eastern.  The  assignment was recorded in Bucks County, Mortgage Book No. 5164, page 1786.

Note on the real property and improvements located at 84 Beaver Run Road, Ottsville, Pennsylvania, where the three lived together in a divided house.

On June 10, 2009, Eastern filed an *in rem* complaint in mortgage foreclosure. The complaint averred that Alfred Michener, Jacqueline Michener, and Kathryn Surratt had defaulted on their obligations under the Note and Mortgage by failing to make the payment due on February 1, 2008, and each month thereafter. Eastern alleged damages in default consisting of accelerated payments, interest, late charges, and other fees totaling $347,078.87. Complaint in Mortgage Foreclosure, 6/10/2009, at 2 ¶ 9.

On May 9, 2011, Eastern filed a first motion for summary judgment. On October 13, 2011, the trial court stayed the disposition of Eastern's motion and forwarded the matter to the Bucks County Mortgage Foreclosure Diversion Program. The parties subsequently engaged in a lengthy period of negotiation throughout their participation in the program. Nevertheless, the parties failed to reach an agreement and the case was released from conciliation on November 12, 2012.

On December 31, 2012, Eastern filed a praecipe under Bucks County Rule of Civil Procedure 208.3(B) to move its previously filed motion for summary judgment before the court for disposition. On February 27, 2013, counsel for the Micheners filed a suggestion of death as to Kathryn Surratt, who passed away on February 19, 2013. On April 3, 2013, the trial court entered an order granting Eastern's motion for summary judgment.

Following his receipt of the trial court's April 3, 2013 order, counsel for the Micheners sent a letter to the court stating that the Micheners were unaware that Eastern had filed a motion for summary judgment. Counsel also asserted that further discovery was still pending. On April 11, 2013, "in an abundance of caution," the trial court issued an amended order vacating its earlier order granting summary judgment in favor of Eastern. Trial Court Opinion ("T.C.O."), 6/3/2014, at 3. The amended order also permitted the parties to undertake additional discovery within thirty days, after which Eastern could renew its motion for summary judgment.

On July 2, 2013, Eastern refiled its motion for summary judgment. On July 17, 2013, the Micheners filed a 180-page memorandum in opposition to Eastern's motion. On March 27, 2014, the trial court entered summary judgment in favor of Eastern. On April 4, 2014, the Micheners filed a notice of appeal. On April 10, 2014, the trial court ordered the Micheners to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Micheners timely complied. On June 3, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

The Micheners present the following five[2] assertions of trial court error:

---

[2] The Micheners initially raised six issues in their Rule 1925(b) statement. On appeal, the Micheners have abandoned their claim that the
*(Footnote Continued Next Page)*

1. Did the trial court err when, in violation of the **Nanty-Glo**[3] rule, it granted summary judgment in favor of [Eastern] based on [Eastern's] own affidavit, which contained illogical and unwarranted charges?

2. Did the [t]rial [c]ourt err when it granted summary judgment in favor of [Eastern,] despite a genuine issue of material fact remaining whether [Eastern] breached the duty of good faith and fair dealing by actively encouraging [the Micheners] to default on their mortgage?

3. Did the [t]rial [c]ourt err when it granted summary judgment in favor of [Eastern,] despite there being a genuine issue of material fact concerning whether [Eastern] engaged in predatory lending by giving [the Micheners] a loan that they could not afford?

4. Did the [t]rial [c]ourt err when it granted summary judgment in favor of [Eastern,] despite a genuine issue of material fact remaining regarding whether [Eastern] deceptively invited [the Micheners] to apply for a loan modification that [Eastern] knew it would ultimately deny, because it is admitted that as a matter of policy [Eastern] does not offer loan modifications under any circumstances?

5. Did the [t]rial [c]ourt err when it granted summary judgment in favor of [Eastern,] even while a genuine issue of material fact remained concerning whether [Surratt] ever received consideration for mortgaging her share of the property?

Brief for the Micheners at 5-6.

Our standard of review of a trial court's order granting summary judgment is well-settled:

_(Footnote Continued)_ _____

trial court lacked jurisdiction to adjudicate this matter. Concise Statement of Errors, 4/7/2014, at 2 ¶ 3.

[3] **See Borough of Nanty-Glo v. Am. Sur. Co. of N.York**, 163 A. 523 (Pa. 1932).

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (quoting *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001)).

We have reviewed the briefs of the parties, the relevant law, and the certified record before us. We conclude that that the trial court's opinion appropriately disposes of the issues presented by the Micheners. Accordingly, we adopt that opinion as our own and affirm the order granting Eastern's motion for summary judgment upon that basis. A copy of the trial court's opinion is attached hereto for ease of reference.

Judgment affirmed.

J-A25025-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/24/2014

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

CIVIL ACTION

EASTERN SAVINGS BANK, FSB :
:
:
v. : NO. 2009-06129-36-1
:
:
ALFRED MICHENER, JACQUELINE ROSS :
MICHENER, and KATHRYN P. SURRATT :

OPINION

Defendants Alfred Michener and Jacqueline Ross Michener (hereinafter referred to as the "Micheners" or as "Appellants")[1] filed an appeal from our Order of March 26, 2014, wherein we granted the Motion for Summary Judgment in mortgage foreclosure filed by Plaintiff Eastern Savings Bank (hereinafter referred to as the "Bank"). Appellants are the mortgagors, and the record and real owners of the subject premises located at 84 Beaver Run Road, Ottsville, Bucks County, Pennsylvania (hereinafter referred to as the "Premises").

1.   BACKGROUND

The Bank's Complaint in mortgage foreclosure was filed on June 10, 2009. The Complaint avers that the Micheners defaulted under the terms of the Promissory Note which they executed on September 6, 2006, in favor of Chase Bank USA, N.A.,[2] in the

---

[1] Kathryn P. Smith (nee) Surratt, originally named as a Defendant in this matter, passed away in February 2013. Ms. Surratt, an aunt of Defendant Jacqueline Ross Michener, lived on the premises with the Micheners. A suggestion of death has been filed. Ms. Surratt was a signatory on the Mortgage Instrument; she was not a signatory on the Note. The Court has not been made aware of any amendment to the caption for this matter. We have no indication that the Estate or heirs have replaced Ms. Surratt as a named Defendant. We note that our Orders of April 3, 2013 and April 11, 2013 included a footnote as to Ms. Surratt's death. Thereafter we did not include the footnote, or Ms. Surratt's name on our March 26, 2014 Order granting Summary Judgment.

[2] Relevant Assignment documents were attached to the Complaint. Assignment between banks is not an issue which is challenged in this appeal.

original principal amount of Three Hundred Thousand Dollars ($300,000.00)(hereinafter referred to as the "Note"). Obligation pursuant to the Note was secured by a Mortgage on the Premises at which the three Defendants lived together, in a divided house. Appellants have defaulted on the vast majority of their monthly mortgage payments since the monthly payment of Two Thousand One Hundred Seventy Dollars ($2,170.00), due and owing on February 1, 2008.

On May 9, 2011, the Bank filed its first Motion for Summary Judgment. By Order dated October 13, 2011, we stayed disposition of the Bank's motion and we directed that this matter be forwarded to the Bucks County Mortgage Foreclosure Diversion Program. Both parties have asserted that they engaged in a lengthy period of negotiation while participating in the program. An Order was entered on November 20, 2012, reflecting that the conciliation process had concluded, and since all reasonable avenues of possible resolution had been exhausted with no agreement having been reached, the Bank was afforded the right to obtain a judgment by default against Appellants. Thereafter, on December 31, 2012, the Bank filed a Praecipe under Bucks County Rule of Civil Procedure 208.3(B), in order to move its previously filed Motion for Summary Judgment before the Court for disposition. On February 27, 2013, counsel for Appellants filed a suggestion of death as to Defendant Ms. Surratt, who had passed away on February 19, 2013. On April 3, 2013, we entered an Order granting the Bank's Motion for Summary Judgment.

Following receipt of the April 3, 2013 Order, counsel for Appellants sent a letter to the Court asserting that Appellants were unaware of the filing of the Bank's Summary Judgment Motion. Counsel expressed concern that the Court granted the Bank's motion

2

on the basis that no response had been filed by Appellants. Counsel also asserted that despite termination of the parties' participation in the foreclosure diversion program, further discovery was pending.

We disagree with several of counsel for Appellants contentions. First, the Bank's Praecipe for its Summary Judgment Motion, consistent with local rule, is reflected on the docket on December 31, 2012, and included a certificate of service as to notice served upon Appellants' counsel. Particularly since counsel is an actively practicing Bucks County attorney, we are confident that the ramifications of a local Rule 208 praecipe, moving a pleading to the Court for disposition, should have been and, in fact, was understood. The language of our April 3, 2013 Order stated that "no additional response" had been filed by Appellants. The inaccuracy of counsel's assertion regarding the Court's awareness of any response by Appellants to the Bank's motion is important for several reasons. In fact, we did not suggest that the Appellants had not responded at all to the Bank's motion, since we were aware of and considered Appellants' initial response to the Bank's Motion for Summary Judgment. The language of our Order of April 3, 2013 simply noted that Appellants had not filed additional responses to the Bank's renewed Motion. The basis of our Order was substantive rather than procedural.[3]

Despite our skepticism as to Appellants' counsel's assertion, and our disagreement with Appellants' counsel's suggestion that our April 3, 2013 Order was entered in error, on April 11, 2013, in an abundance of caution, we amended our April 3, 2013 Order. Our Amended Order vacated the granting of summary judgment in favor of the Bank, and afforded the parties thirty (30) days for additional discovery to be

---

[3] We note that Pa.R.C.P. 1035.3(d) does permit the Court to grant summary judgment to movant on procedural grounds when the respondent fails to respond to the motion.

completed. The Amended Order reminded Appellants of their right to file an Answer pursuant to the rules of civil procedure, and finally, rather than expediting ruling upon this matter when the discovery period was to expire, we placed the onus on the Bank to once again follow local procedure in moving its renewed Motion for Summary Judgment for disposition by the Court.

On or about March 12, 2014, we received the Bank's Amended Motion for Summary Judgment, along with Appellants' memorandum of law in opposition thereto. On March 26, 2014, ruling on the merits, we granted the Bank's motion and entered judgment in mortgage foreclosure in the Bank's favor and against Appellants as to the mortgaged premises at 84 Beaver Run Road in Ottsville. This appeal followed.[4]

## II.  STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

We recite Appellants' Statement of Matters Complained of on Appeal *verbatim*, below:

1.  The Honorable Court erred when it granted summary judgment in favor of Plaintiff, because there was a genuine dispute of material fact concerning the proper calculation of alleged arrears. Plaintiff's use of an Affidavit from its bank officer should have been disregarded as the basis for a motion for summary judgment. (sic) Under the Nanty-Glo rule. See. Penn Center House, Inc. v. Hoffman, 520 Pa. 171, 553 A.2d 900, 902-03 (Pa. 1989 (interior quotations omitted, citations omitted) and Nanty-Glo v. American Surety Co., 309 Pa. 236, 163 A.523 (1932).

2.  The Honorable Court erred when it granted summary judgment in favor of Plaintiff because a genuine issue of material fact remains concerning whether Ms. Smith/Surratt ever received consideration for mortgaging her share of the property.

3.  The Honorable Court erred when it granted summary judgment in favor of Plaintiff, because with regard to Ms. Smith/Surratt, the foreclosure is an action against the interest of a deceased person, over which the Orphans' Court has

---

[4] Appellants filed an emergency stay and/or supersedeas pending their appeal, which we denied by Order dated April 22, 2014. By Order dated May 8, 2014, the Superior Court denied Appellants' application for a stay and for waiver of security on appeal, which they had filed in that Court on April 29, 2014.

4

exclusive jurisdiction. In this regard, upon Ms. Smith/Surratt's death, jurisdiction over the claim of decedent's real estate by the Estate was exclusive to the Orphans' Court pursuant to PEF Code Section 711(1), which places mandatory jurisdiction over a decedent's real estate in Orphans' Court.

> Except as provided in Section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following should be exercised through its orphans' court division:
>
> (1)     Decedents' estates. – The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial. 20 Pa.C.S. 711-*FN1* – Although Defendant did not raise this argument on summary judgment, the matter of jurisdiction can be raised at any time and has not been waived. As a legal matter, a challenge to a court's subject matter jurisdiction can be raised at any time and cannot be waived. Johnstone v. Fritz, 159 Pa 378, 379, 28 A.148 (1893); Thomas v. Johnson, 356 Pa 570, 52 A.2d 663 (Pa. 1947); Trout v. Luke, 402 Pa 123, 126, 166 A.l2d 654 (Pa.1961); Mazur v. Trinity Area School District, 599 Pa 232, 240, 961 A2d 96 (Pa. 2008).

4.     The Honorable Court erred when it granted summary judgment in favor of Plaintiff, because a genuine issue of material fact remained whether Plaintiff breached the duty of good faith and fair dealing by actively encouraging Defendant's (sic) to default on their mortgage. See Fleet Real Estate Funding Corp. v. Smith, 530 A.2d 919 (Pa. Super. 1987) (lender's refusal to cooperate with homeowner's request to negotiate payments constitutes a breach of duty of good faith and fair dealing); Union National Bank of Little Rock v. Cobbs, 567 A.2d 719 (Pa. Super, 1989)(same).

5.     The Honorable Court erred when it granted summary judgment in favor of Plaintiff, because a genuine issue of material fact remained whether Plaintiff engaged in predatory lending by giving Defendants a loan they could not afford. See, e.g. Sovereign Bank v. Gawron, 2010 Pa.Dist. & Cnty Dec. LEXIS 102 (13 Pa.I D&C 5th 71, 79 (Lackawanna County, 2010)(holding that claims of predatory lending are a defense to a mortgage foreclosure action and refusing to grant summary judgment in favor of lender)(citing cases)

6.     The Honorable Court erred when it granted summary judgment in favor of Plaintiff, because a genuine issue of material fact remained regarding whether Plaintiff had unclean hands when it deceptively invited Defendants to apply for a loan modification that Plaintiff knew it would ultimately deny, because it is admitted that as a matter of policy Plaintiff does not offer loan modifications under any circumstances. Alternatively, this is also a breach of the duty of good

5

faith and fair dealing. See <u>Fleet Real Estate Funding Corp. v. Smith</u>, 530 A.2d 919 (Pa. Super. 1987)(lender's refusal to cooperate with homeowner's request to negotiate payments constitutes breach of duty of good faith and fair dealing); <u>Union National Bank fo Little Rock v. Cobbs</u>, 567 A.2d 719 (Pa.Super, 1989)(same).

## III. STANDARDS OF REVIEW

The law in Pennsylvania is well-settled as to the standard of review we are to employ in making our ruling: [I]t is axiomatic that in granting a Motion for Summary Judgment, there must be no genuine issue of material fact, and it must be clear that as a matter of law, the moving party is entitled to prevail. Furthermore, we must review the record in the light most favorable to the non-moving party. <u>J.P. Morgan Chase Bank v. Murray</u>, 63 A.3d 1258 at 1261-1262 (Pa. Super. 2013). <u>New York Guardian Mortgage Corporation v. Dietzel</u>, 524 A.2d 951, 952 (Pa. Super. 1987)(internal citations omitted), Pa. R.C.P. 1035(2).

Summary judgment may only be granted where the right to judgment is clear and free from doubt. The moving party has the burden of proving that there is no genuine issue of material fact. The record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt must be resolved against the moving party. The trial court may be overturned as to the entry of summary judgment only if there has been an error of law or a clear abuse of discretion. <u>J.P. Morgan</u>, <u>supra</u> at 1261. <u>First Wisconsin Trust v. Strausser</u>, 653 A.2d 688, 691 (Pa. Super. 1995)(internal citations omitted).

## IV. DISCUSSION

In addressing Appellants' matters complained of on appeal, it is important to focus on this being an *in rem* action. An action in mortgage foreclosure is strictly an *in rem*

6

action and may not include an *in personam* action to enforce personal liability. Pa. R.C.P. 1141. The sole purpose of a judgment obtained through mortgage foreclosure is to effect a judicial sale of the mortgaged real estate, and the judgment obtained in a mortgage foreclosure action is only *in rem*. Insilco Corp. v. Rayburn, 542 A.2d 120 (Pa. Super. 1988).[5]

In this case, Appellants, in their Answer to the Complaint, generally denied that they were in default and generally denied the amount due and owing. Those denials were contained in averments set forth in their New Matter. In a mortgage foreclosure action, a mortgagor's simple denial of the mortgagee's allegation in a Complaint regarding a total amount due on a mortgage, in addition to the mortgagor's remaining general denials to the Complaint, essentially constitute admissions to facts alleged in the Complaint. First Wisconsin, supra at 692, Pa. R.C.P. 1029. Appellants' New Matter contained allegations about requests for loan modifications, among other issues. Appellants asserted Affirmative Defenses include the Statue of Frauds, breach of duty of good faith dealing, illegal predatory lending, lack of valid assignment, estoppel, unclean hands, failure of consideration and fraud in the inducement. All of these asserted defenses lack any evidentiary basis in support thereof. Additionally, the legal relevance of these alleged defenses in this specific action is highly questionable.

The parties participated in discovery, and actively participated in the Bucks County Mortgage Foreclosure Diversion Program for approximately twelve (12) months. Following unsuccessful negotiation efforts through the Diversion Program, and after this

---

[5] Accordingly, a judgment in a mortgage foreclosure action is not a judgment for money damages. Any alleged defenses claimed by the mortgagor under the truth-in-lending Act must fail, then, since a foreclosure judgment is not an action to collect a debt or amounts owed. Dietzel, supra at 952.

Court had granted the Bank's initial Summary Judgment Motion, we generously vacated the initial Summary Judgment Order and afforded Appellants time for additional discovery which they claimed would be relevant to the Summary Judgment decision. Despite all of the aforementioned extensions of time, Appellants have been unable to meritoriously assert disputed issues as to material facts. Appellants have admitted that they stopped making mortgage payments in 2008, for the apparent reason that they could no longer afford to make the payments.

A review of Appellants' matters complained of on appeal, all of which lack merit, suggests their ongoing efforts to delay this mortgage foreclosure action, now five (5) years since its inception. Nonetheless, we address Appellants' issues on appeal as follows:

**A. The Nanty-Glo Rule Does Not Preclude Summary Judgment in this Matter**

Appellants argue that a proper calculation of the amount of arrears owed by them to the Bank remained outstanding, and therefore a genuine issue of material fact existed which precluded the granting of summary judgment. Additionally, Appellants assert that reliance on the affidavit prepared by the Bank's officer is precluded by the Nanty-Glo rule as the basis of granting summary judgment. Both of Appellants' arguments are without merit.

The Nanty-Glo rule dictates that "the party moving for summary judgment may not rely solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact." DeArmitt v. New York Life Insurance Co., 73 A.3d 578 (Pa. Super. 2013). The rule is explained more fully by the Superior Court as follows:

8

The function of a summary judgment proceeding is to avoid a useless trial but it is not, and cannot, be used to provide for trial by affidavits or trial by depositions. That trial by testimonial affidavit is prohibited cannot be emphasized too strongly. In considering a motion for summary judgment, the lower court must examine the whole record, including the pleadings, any depositions, any answers to interrogatories, admissions of record, if any, and any affidavits filed by the parties. From this thorough examination the lower court will determine the question of whether there is a genuine issue as to any material fact. On this critical question, the party who brought the motion has the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of summary judgment.

In determining the existence or non-existence of a genuine issue of a material fact, courts are bound to adhere to the rule of [Nanty-Glo] which holds that a court may not summarily enter a judgment where the evidence depends upon oral testimony. *Id.* at 595.

The Superior Court has employed a three-step analysis to determine whether the Nanty-Glo rule should apply to a summary judgment analysis. Dudley v. USX Corp., 606 A.2d 916 (Pa. Super. 1992). Initially it must be determined whether the Plaintiff has alleged facts sufficient to establish a *prima facia* case. If so, the second step is to determine whether there is any discrepancy as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has improperly usurped the role of the jury by resolving any material issues of fact.

Applying the above Nanty-Glo analysis to this case, the Bank has shown without doubt, by way of the pleadings and by way of Pa. R.C.P. 1029 (Denials. Effect of Failure to Deny), that Appellants are in default of the Mortgage. The affidavit attached to the Bank's Motion, which is based on the Loan History Report as to the subject mortgage, does not present a discrepancy as to any material facts, nor did the Appellants offer any evidence through deposition or other discovery that would support their bald assertions that the arrears calculation contained within the Bank's affidavit was inaccurate, or that

9

we relied exclusively on the affidavit. In summarily granting judgment for the Bank under the facts presented here, we were not usurping the role of jury or fact-finder, as no discrepancy as to material facts was presented. Importantly, to the extent that a final amount of damages in favor of the Bank remained to be determined, we note that our Order granting summary judgment intentionally did not contain a final judgment amount, allowing for an assessment of damages hearing or for trial to be conducted for the purpose of determining that amount. See Citicorp Mortg., v. Morrisville Hampton Village Realty Ltd. Partnership, 662 A.2d 1120 (Pa. Super. 1995).[6]

**B.    Whether or Not Ms. Surratt Received Adequate Consideration for Mortgaging Her Share of the Property Does Not Preclude the Entry of Summary Judgment Against the Micheners**

Appellants assert that a genuine issue of material fact remained as of the granting of summary judgment, since it was never determined whether Ms. Surratt received any consideration for mortgaging her share of the property. It is unclear to the Court whether Appellants are referring to consideration from the Bank, or consideration between and among the individual Defendants relating to some collateral agreement which may have existed,[7] but we will assume that the asserted defense goes to alleged lack of consideration from the Bank.

We note that a review of Appellants' Answer and New Matter with Affirmative Defenses reveals that the only argument raised as to Ms. Surratt was that she was not obligated to pay any amounts due and owing the Bank under the Note. It is

---

[6] The Pennsylvania Supreme Court has held that summary judgment is proper in a mortgage foreclosure action even if the mortgagors have not admitted the total amount of the indebtedness, so long as it is uncontroverted that the mortgage is in default, the mortgagors are in arrears, and the recorded mortgage is in the specified amount. Cunningham v. McWilliams, 714 A.2d 1054 (Pa. 1988).

[7] Pa. R.C.P. 1925 provides that a court should not have to make assumptions as to the meaning of issues raised by an Appellant on appeal.

uncontroverted that this is an accurate statement. As previously stated, a foreclosure action is an *in rem* action as to the mortgaged real estate; there is no personal liability. Pa. R.C.P. 1141. Paragraph 13 of the Mortgage instrument specifically addresses the obligation of a "Co-Signor of the Security Instrument who does not execute the Note," as was the precise role of Ms. Surratt in this matter. At subsection (b), paragraph 13 specifically states that the co-signor is not obligated to pay the sums secured by the Security Instrument. Appellants argue that Ms. Surratt never signed any document, pursuant to the Pennsylvania Uniform Written Obligations Act, 33 P.S. §6, which would have supported an intention by Ms. Surratt to be legally bound. That section is specifically entitled: "When written instruments without consideration are valid". As Ms. Surratt was simply a co-signor pursuant to paragraph 13 of the Mortgage, we would submit that the issue of consideration for Ms. Surratt's signature on the Mortgage Instrument is irrelevant to a determination of whether or not the Bank is entitled to summary judgment against the Micheners in the present *in rem* foreclosure action.

C. **Jurisdiction Is Appropriate in the Civil Division of the Bucks County Court of Common Pleas**

Appellants are misguided in their assertion that Ms. Surratt's death in February, 2013 requires that this matter now be addressed and resolved under the exclusive jurisdiction of the Orphans' Court Division of the Bucks County Court of Common Pleas. 20 Pa. C.S. §711(1), upon which Appellants rely to suggest mandatory jurisdiction by the Orphans' Court, pertains to the administration and distribution of a decedent's real estate.

In contrast, 20 Pa. C.S. §712(1), which relates to the determination of title as to real estate, is applicable in the instant mortgage foreclosure litigation. Section 712 provides that jurisdiction may be exercised through the Orphans' Court Division or any

11

other appropriate division of the Court. Therefore, while pursuant to §712, it is possible that circumstances presented in a given case could make a transfer within court divisions appropriate, it is not mandatory. Given the extensive five (5) year history of this case in the civil division, Ms. Surratt's role as simply a co-signor, with the Micheners, on the Mortgage, and her status as not having been a signatory on the Note, render it unnecessary, and counterproductive, to transfer this matter to the Orphans' Court division based solely upon Ms. Surratt's death. Accordingly, Appellants' assertion of mandatory and exclusive jurisdiction of this case in Orphans' Court, as opposed to the civil division, and their reliance on §711, is without merit.

**D.** **Appellants' Allegations that the Bank Breached its Duty of Good Faith and Fair Dealing, and Engaged in Predatory Leading Practices, Does Not Preclude the Granting of Summary Judgment in this Mortgage Foreclosure Action**

We address the final three (3) matters complained of on appeal by Appellants collectively, as they assert similar theories of bad faith in the conduct and practices of the Bank. Appellants' pleadings are replete with details about their personal financial circumstances. Despite their apparent unfortunate and sympathetic circumstances, Appellants have not raised any relevant, viable legal defenses to defeat the Banks' foreclosure action.

Appellants have suggested that the Bank's predecessor advised them to stop making payments. They have suggested that the Bank is at fault for their unsuccessful efforts to achieve loan modifications, along with associated assertions that the Bank's misconduct is responsible for Appellants' default.[8] However, even after being afforded

---

[8] Appellants assert that the Bank actively encouraged them to cease making mortgage payments, gave them a loan they could not afford, and deceptively invited them to apply for a loan modification which the Bank knew it would ultimately deny.

12

opportunity for additional discovery, Appellants have never offered evidence beyond their averments in the pleadings to support their frequently reiterated defenses and allegations. Appellants' inability to offer any additional evidence renders this case distinguishable from the cases upon which Appellants rely.

The Superior Court in Dietzel, supra, found that in accordance with Pa. R.C.P. 1035, a Defendant cannot rest upon general denials contained in the pleadings alone. Instead, a Defendant must come forth with facts by presenting counter-affidavits, depositions, admissions or answers to interrogatories. Dietzel at 952. Appellants have neither discharged their burden under Pa. R.C.P. 1035.3(a) of proving the elements of any viable legal or factual defense by adducing or pointing to evidence in the record in written response to the Motion for Summary Judgment, nor have they sought under Pa. R.C.P. 1035.3(b) to supplement the record, nor have they set forth reasons why such evidence could not be produced by them. For these reasons, even assuming arguendo that they are relevant in this mortgage foreclosure action, we found Appellants' allegations as to unfair conduct on the part of the Bank, as asserted in their Matters Complained of at paragraph numbers 4, 5, and 6, to be unsubstantiated, and therefore without merit.

13

## V. CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that this Court's Order of March 26, 2014, granting the Bank's Motion for Summary Judgment in Mortgage Foreclosure in the Bank's favor and against Appellants, should be affirmed.

BY THE COURT:

6/2/14
Date

_____
GARY B. GILMAN,                    J.

N. B. It is your responsibility
to notify all interested parties
of the above action.

14