J-A22041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, SUCCESSOR TO CITIMORTGAGE, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL P. GILES AND STEPHANIE J. GILES, | |
| Appellants | No. 961 MDA 2014 |

Appeal from the Judgment Entered May 5, 2014
in the Court of Common Pleas of Berks County
Civil Division at No.: 12-20787

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED OCTOBER 06, 2015**

Appellants, Michael P. Giles and Stephanie J. Giles, appeal from the summary judgment entered in favor of Citimortgage, Inc. (Citimortgage), predecessor-in-interest to Appellee, Federal National Mortgage Association (Fannie Mae), in this mortgage foreclosure action.[1]  We affirm.

We take the relevant factual and procedural history of this case from the trial court's September 5, 2014 opinion and our independent review of the record.  On May 23, 2003, Appellants executed a mortgage and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mr. Giles is an attorney and he represents himself and Mrs. Giles in this appeal.

promissory note on a property located at 939 Wayne Avenue, Wyomissing, Pennsylvania, obligating them to repay the loan to First Horizon Home Loan Corporation d/b/a First Horizon Lending Center on a monthly basis. The mortgage was then assigned to several different companies, and ultimately was assigned to Citimortgage on March 17, 2010.

Appellants stopped making payments on the mortgage in or about November 2010. After they received pre-foreclosure notice pursuant to Act 91, **see** 35 P.S. §§ 1680.401c-1680.412c, Appellants applied for assistance under the Homeowners' Emergency Mortgage Assistance Loan Program on March 17, 2011. They were denied assistance under the program on May 11, 2011.

On September 10, 2012, Citimortgage filed a complaint in mortgage foreclosure against Appellants, averring that the mortgage was in default and they owed payments for the amounts due from December 1, 2010, forward. In their February 6, 2013 answer with new matter, Appellants responded to the material portions of the complaint with general denials and a claim that they are without sufficient knowledge or information with respect to the amounts due on the mortgage. On November 21, 2013, Citimortgage filed its motion for summary judgment. Appellants filed a response on December 20, 2013, claiming in pertinent part that the parties had not engaged in any discovery and that they required at least 120 days

to conduct it.[2]  On May 5, 2014, after oral argument, the trial court granted Citimortgage's motion for summary judgment and entered an *in rem* judgment against Appellants in the amount of $180,533.78, plus interest and costs.

Appellants timely appealed.  Pursuant to the trial court's order, they filed a timely concise statement of errors complained of on appeal on June 30, 2014.  **See** Pa.R.A.P. 1925(b).  The trial court entered an opinion on September 5, 2014.  **See** Pa.R.A.P. 1925(a).[3]

Appellants raise one issue for our review:

A. Whether the trial court committed an error of law, or abused its discretion, when it granted [Citimortgage's] motion for summary judgment, by failing to apply the correct standards to consider said motion, and failing to consider the entire record before it?

(Appellants' Brief, at 4).

---

[2] Appellants attached a copy of a letter signed by Mr. Giles addressed to counsel for Citimortgage dated May 17, 2013, in which he advised that he would like to conduct discovery and stated that he "will request documents from [Citimortgage] at the time [he] notice[s] the deposition [of the company's document control officer]."  (Exhibit A to Appellants' Response to Citimortgage's Motion for Summary Judgment, 5/17/13, at 1).  However, Appellants made no formal discovery requests.  (**See** Trial Court Opinion, 9/05/14, at 5).

[3] After Appellants filed this appeal, Fannie Mae was substituted as Appellee and as the plaintiff in the mortgage foreclosure action.  (**See** Appellee's Brief, at 2 n.1).

Our standard of review of an order granting a motion for summary judgment requires us to determine whether the trial court committed an error of law or abused its discretion. *See Cigna Corp. v. Executive Risk Indem., Inc.*, 111 A.3d 204, 210 (Pa. Super. 2015).

> [O]ur scope of review is plenary, and our standard of review is the same as that applied by the trial court. . . . An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Bastian v. Sullivan*, 117 A.3d 338, 344 (Pa. Super. 2015) (citation omitted).

In their issue on appeal, Appellants challenge the trial court's entry of summary judgment, arguing that the record reflects they raised several issues of material fact. (*See* Appellants' Brief, at 6-8). They maintain that the court ignored the record before it, that it failed to apply correct standards, and that it erroneously concluded that their responses to the

averments in the complaint constituted general denials. (**See id.** at 7-8, 14; **see also** Trial Ct. Op., at 2, 4). We disagree.

> . . . A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. No. 1035.3.
>
> The holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.
>
> \* \* \*
>
> . . . General denials [to averments in a complaint] constitute admissions where . . . specific denials are required. **See** Pa.R.C.P. No. 1029(b). **Furthermore, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts."** **First Wis. Tr. Co. v. Strausser**, . . . 653 A.2d 688, 692 ([Pa.Super.] 1995); **see** Pa.R.C.P. No. 1029(c) Note. . . .

**Bank of America, N.A. v. Gibson**, 102 A.3d 462, 464-67 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015) (case citation omitted; emphasis added) (determining entry of summary judgment proper where appellant effectively admitted material allegations of complaint with ineffective denials and improper claims of lack of knowledge). In a mortgage foreclosure action, "[u]nquestionably, apart from

appellee[/mortgagee], appellants[/mortgagors] are the only parties who would have sufficient knowledge on which to base a specific denial." *Strausser*, *supra* at 692 (citation omitted).

Here, after review of the record, we conclude that it belies Appellants' contention that the trial court ignored issues of material fact and failed to apply correct standards in granting summary judgment. As noted above, Appellants responded to the material portions of Citimortgage's complaint with general denials and a claim of lack of knowledge. (*See* Appellants' Answer with New Matter, 2/06/13, at 1 ¶¶ 5-6). They did not provide an alternative accounting of their mortgage payments or explain why the amount sought by Citimortgage was incorrect. (*See id.*). Therefore, we agree with the trial court that Appellants in effect admitted the material allegations of the complaint, and that they failed to set forth specific facts to raise a genuine issue of material fact regarding the default. *See Gibson, supra* at 464-67. They were not entitled to rest simply on the pleadings. *See id.* at 464.

Insofar as Appellants contend that the trial court failed to consider the lack of discovery, (*see* Appellants' Brief, at 13), this contention is meritless where they did not serve any formal requests for discovery during the approximate nine-month period between their answer to the complaint and Citimortgage's motion for summary judgment. *See Strausser*, *supra* at 695 (stating this Court unsympathetic to claim of no discovery before entry of summary judgment in mortgage foreclosure action, observing "[i]f

[appellant], who is an attorney, felt that discovery was so vital to his case, then he could have taken many different steps to effectuate that goal.").

In sum, we conclude that the trial court did not err or abuse its discretion in granting Citimortgage's motion for summary judgment. ***See Cigna Corp.***, ***supra*** at 210. Accordingly, Appellants' sole issue on appeal does not merit relief.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015