653 A.2d 688

FIRST WISCONSIN TRUST COMPANY

v.

Diane J. STRAUSSER and Norman Perlberger

v.

MIDLANTIC HOME MORTGAGE CORP.

Appeal of Diane J. STRAUSSER.

FIRST WISCONSIN TRUST COMPANY

v.

Diane J. STRAUSSER and Norman Perlberger

v.

MIDLANTIC HOME MORTGAGE CORP.

Appeal of Norman PERLBERGER.

FIRST WISCONSIN TRUST COMPANY

v.

Diane J. STRAUSSER and Norman Perlberger

v.

MIDLANTIC HOME MORTGAGE CORP.

Appeal of Norman PERLBERGER.

Superior Court of Pennsylvania.

Submitted Nov. 15, 1994.

Filed Jan. 27, 1995.

194

James C. Schwartzman, Philadelphia, for Diane J. Strausser.

Norman Perlberger, pro se.

Mark J. Udren & Francis S. Hallinan, Philadelphia, for First Wisconsin Trust Co.

Before WIEAND, CIRILLO and TAMILIA, JJ.

CIRILLO, Judge.

Presently before this court are three separate appeals, all of which concern the same facts, parties and issues. Consequently, for reasons of judicial economy, we will consolidate these actions for purposes of this decision pursuant to Pa. R.A.P. 513.[1]

On November 30, 1987, Appellants, Norman Perlberger (Perlberger) and Diane J. Strausser (Strausser), executed and delivered a promissory note to Appellee's predecessor-in-interest, Midlantic Home Mortgage Corporation (Midlantic), in the principal sum of of $310,000.00. This amount was to be paid in equal, consecutive monthly installments of principal and interest over a thirty (30) year term commencing January 1, 1988. The rights under the note were eventually assigned to Plaintiff–Appellee, First Wisconsin Trust Company.

On the same date, Defendant–Appellants executed a mortgage on the premises at 309 Milford Road, Lionville, Pennsylvania ("mortgaged premises") as security for the note. The mortgage was also assigned to Plaintiff–Appellee. Less than four years after executing the note and mortgage, Appellants defaulted in the payment of the monthly installments, as payments due May 1, 1991, and each month thereafter, remain unpaid.

Subsequently, Plaintiff–Appellee notified Appellants of their default and its intention to foreclose on the mortgage. Since the Appellants failed to cure the default and reinstate their mortgage, or pay off the outstanding balance of the loan, Appellee instituted a mortgage foreclosure action against Ap-

1. Pa.R.A.P. 513 provides, in part: "[W]here the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal."

pellants on March 16, 1992. Appellee also instituted a separate action on the promissory note against Appellants on March 24, 1992 in order to obtain an *in personam* judgment against Appellant mortgagors so as to cover a possible mortgage foreclosure deficiency.

Strausser appeals from the order entered in the Court of Common Pleas of Chester County (No. 92–02583) granting summary judgment for Plaintiff–Appellee, First Wisconsin Trust Company (First Wisconsin), in the mortgage foreclosure action instituted by First Wisconsin (No. 03870 PHL 93). Strausser raises one issue for our review:

Whether the trial court erred in granting Summary Judgment for Appellee, finding that Appellant [Strausser] had no legal defenses, where Appellant had submitted her verified Complaint against co-defendant [Perlberger] in Appellant's Answer and New Matter which set forth defenses that struck to the validity of the Mortgage?

When we review the grant of a motion for summary judgment made under Pa.R.C.P. 1035, the appellate court's scope of review is well-settled: summary judgment is properly granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment may be granted only where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving that there is no genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. *Davis v. Pennzoil*, 438 Pa. 194, 264 A.2d 597 (1970). The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.*, 415 Pa.Super. 189, 608 A.2d 1074 (1992).

In First Wisconsin's mortgage foreclosure action against Strausser, the trial court held that there was no genuine issue as to any material fact and that First Wisconsin was entitled to judgment as a matter of law. In reaching this conclusion, the trial court found that Strausser's responsive pleading was deficient under Pa.R.C.P. 1029. Rule 1029 provides in part:

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

### Note

Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. *See Cercone v. Cercone,* 254 Pa.Super. 381, 386 A.2d 1 (1978).

The trial court found that Strausser's answers to the allegations in First Wisconsin's Complaint amounted to nothing more than general denials and demands for proof under Pa.R.C.P. 1029(c). As such, the purported denials are deemed admissions pursuant to the provisions of 1029(b) and *Cercone, supra.* After a review of the record, we agree.

██ For example, First Wisconsin alleged in paragraph six of its complaint that the total amount due on the mortgage was $349,829.96. Strausser simply denied this as a conclusion of law. This court has held, however, that, in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts. *New York Guardian Mortgage Corp. v. Dietzel,* 362 Pa.Super. 426, 429, 524 A.2d 951, 952 (1987). Our rationale in *Dietzel* is applicable to

the present case. In *Dietzel* we stated, "[u]nquestionably, apart from appellee, appellants are the only parties who would have sufficient knowledge on which to base a specific denial." *Id.* at 429, 524 A.2d at 952. Further support for this approach is found in the note to subsection (c) of Rule 1029 which provides that "reliance upon subsection (c) does not excuse a failure to deny or admit factual allegations when it is clear that the pleader must know if the allegations are true or not." *City of Philadelphia v. Hertler,* 114 Pa.Commw. 475, 482, 539 A.2d 468, 472 (1988) (emphasis added). We agree with the trial court that this particular denial by Strausser, as well as her remaining general denials to First Wisconsin's complaint, essentially constituted admissions.

In addition, Strausser, in her New Matter to First Wisconsin's Complaint, refers to her Complaint against Perlberger and admits that she signed an agreement to purchase the mortgaged premises and that on November 30, 1987, she "closed on the Lionville house." Strausser Complaint, ¶¶ 28–29. This directly contradicts her denial of these facts which were asserted by First Wisconsin in paragraphs three and four of First Wisconsin's Complaint.

In Strausser's New Matter, she claimed that her civil action against Perlberger provided an affirmative defense to First Wisconsin's mortgage foreclosure action. Specifically, Strausser alleges that, at the time she executed the note and mortgage, Perlberger had taken advantage of her while the two were involved in a romantic relationship and who, through manipulation, fraud and deceit, pressured her into purchasing the mortgaged premises.

The trial court dismissed Strausser's affirmative defense because it concluded that counterclaims and affirmative defenses in a mortgage foreclosure action can only be brought if they are a part of, or incident to, the creation of the mortgage. The trial court cited *Chrysler First Bus. Credit Corp. v. Gourniak,* 411 Pa.Super. 259, 601 A.2d 338 (1992). The trial court's conclusion was only partially correct.

While it is true that Pa.R.C.P. 1148 and *Gourniak* provide that a defendant in a mortgage foreclosure action can

only plead a counterclaim which arises from the same transaction or occurrence from which the plaintiff's action arose, we specifically stated in *Gourniak* that Rule 1148 only governs counterclaims in mortgage foreclosure actions and does not govern the pleading of a new matter. *Gourniak*, 411 Pa.Super. at 267, 601 A.2d at 342. Nevertheless, we find that Strausser's affirmative defense raised in her New Matter is without merit as it pertains to this case.

■ Strausser claims that the defenses of duress, fraud and unjust enrichment, resulting from Perlberger's alleged influence over her, "strike at the validity of the Mortgage." The cases relied on by Strausser to support this position, however, are inapposite.

Appellant Strausser refers this court to *Fleet Real Estate Funding v. Smith*, 366 Pa.Super. 116, 530 A.2d 919 (1987) and *First Federal Sav. & Loan Ass'n. of Pittston v. Reggie*, 376 Pa.Super. 346, 546 A.2d 62 (1988). In *Fleet*, this court reversed the granting of summary judgment in favor of a mortgagee and found that a genuine issue of material fact, concerning the mortgagee's alleged failure to adequately service the mortgage in compliance with the Federal Housing Administration, precluded summary judgment. *Fleet*, *supra*, 366 Pa.Super. 116, 530 A.2d 919. In *Reggie*, this court vacated an entry of summary judgment in favor of the mortgagee where there existed a material fact as to whether the mortgagee made material misrepresentations in order to induce the debtors to refinance. *Reggie*, *supra*. In *Fleet* and *Reggie*, as in other cases precluding summary judgment in favor of the mortgagee, summary judgment was not permitted because a genuine issue of material fact existed as to the improper conduct of the mortgagee. *Fleet*, *supra*; *Reggie*, *supra*; *see also Comm. School Employee's Retirement Fund v. Terrell*, 399 Pa.Super. 328, 582 A.2d 367 (1990) (holding that a genuine issue of material fact, as to whether mortgagee complied with forebearance provisions of the Department of Housing and Urban Development handbook, precluded summary judgment); *Union Nat'l Bank of Little Rock v. Cobbs*, 389 Pa.Super. 509, 567 A.2d 719 (1989) (holding that genuine issues of material fact as to whether lender complied with mortgage

servicing provisions of Veterans Administration Lenders Handbook precluded summary judgment).

■ In this case, Strausser's allegations of wrongdoing are directed at Perlberger and not at First Wisconsin.[2] Strausser's affirmative defense, therefore, is without merit.[3]

■ Finally, the trial court properly determined that Strausser's contention set forth in her New Matter that the court lacks jurisdiction over her has been waived. *Bergere v. Bergere,* 364 Pa.Super. 100, 527 A.2d 171 (1987) (holding that preliminary objection is the exclusive means by which to raise the question of *in personam* jurisdiction and the failure to do so constitutes waiver). Thus, the trial court did not err in granting summary judgment against Strausser.[4] *Hetrick, supra.*

Next, Perlberger appeals from the order entered in the Court of Common Pleas of Chester County (No. 92–02583)

2.  In addition, the Restatement (Second) of Contracts § 177 cmt. c illustrates that Strausser's claims are, as a matter of law, inapplicable to the present case. Comment c provides:

    **c. Undue influence by a third person.** If a party's assent [*i.e.* Strausser's] has been induced by the undue influence of a third person [*i.e.* Perlberger] rather than that of the other party to the contract [First Wisconsin], the contract is nevertheless voidable by the victim, **unless the other party [i.e. First Wisconsin] has in good faith either given value or changed his position materially in reliance on the transaction. The rule is similar to that for misrepresentation (see Comment c to § 164) and duress (see Comment b to § 175).** Restatement (Second) of Contracts § 177 cmt. c (1981).

    Strausser's claims are inapplicable to this case because even if Perlberger induced Strausser's assent it is clear that Midlantic, First Wisconsin's predecessor, either gave value or materially changed its position in reliance on the transaction as it extended a loan to Appellants.

    Also, concerning Strausser's unjust enrichment claim, the existence of the written note and/or mortgage agreement precludes a claim of unjust enrichment. *See Gee v. Eberle,* 279 Pa.Super. 101, 420 A.2d 1050 (1980) (holding that a written or express contract between parties precludes a claim of unjust enrichment).

3.  Whether Strausser's claims of duress, fraud and unjust enrichment against Perlberger have merit is not presently before this court.

4.  In support of her argument that the trial court erred in granting summary judgment in favor of First Wisconsin, Strausser places great

granting summary judgment for First Wisconsin in the second mortgage foreclosure action which was instituted by First Wisconsin (No. 01475 PHL 94). Perlberger raises five issues for our review:

(1) Did the trial court commit error of law by deeming as admissions certain denials to complaint averments?

(2) Did the trial court commit error of law by determining as a matter of law that there existed no genuine issue of material fact?

(3) Did the trial court commit error of law by granting summary judgment prematurely, prior to the taking of discovery?

weight on the fact that the trial court denied First Wisconsin's motion for summary judgment in its promissory note action against Strausser (No. 92–02910). Her argument is as follows:

> The trial court corrected its error in this case[, the mortgage foreclosure action,] within the context of the Note Action where [it] ... denied Appellee's Motion for Summary Judgment.... Since the Court ... denied Appell[ee]'s Motion for Summary Judgment in the Note Action on April 25, 1994 and had granted Summary Judgment in Mortgage Foreclosure on November 15, 1993, it is only logical to presume that the Court was attempting to correct a previous error.

Strausser's brief at 8–9.

Strausser's argument is without merit. First, the Honorable Thomas E. Gavin entered summary judgment against Strausser in the mortgage foreclosure action and the Honorable Lawrence E. Wood denied summary judgment in favor of Strausser in the promissory note action. Therefore, these orders concerning summary judgment were entered by two different judges, thus negating the argument that one particular judge decided to correct his prior erroneous decision. This court does not accept Strausser's contention that a judge in one action would attempt to correct what he believed to be an incorrect result entered by another judge in an entirely different action.

In addition, an action on a promissory note and an action in foreclosure are two different actions, which would reasonably explain the alleged inconsistencies. In a promissory note action, an *in personam* judgment is sought. In a mortgage foreclosure action, however, the action is strictly an *in rem* proceeding. Pa.R.C.P. 1141 provides:

> (a) As used in this chapter[ regarding mortgage foreclosure,] 'action' means an action at law to foreclose a mortgage upon an estate, leasehold or interest in land but shall not include an action to enforce a personal liability.

(emphasis added). *See also Dietzel,* 362 Pa.Super. at 431, 524 A.2d at 953 (holding that "[a]n action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property"). This too could explain the alleged inconsistency.

(4) Did the trial court commit error of law by failing to consider plaintiff-appellee's duty to mitigate damages and failure to do so?

(5) Did the trial court commit error of law by failing to construe the record in the light most favorable to the non-moving party?

Perlberger contends that the trial court erred when it found that his responsive pleading to First Wisconsin's Complaint was deficient under Pa.R.C.P. 1029. After a review of the record, we agree with the trial court that Perlberger's responses amounted to nothing more than general denials which are considered admissions under Pa.R.C.P. 1029(b), the note to Rule 1029(c), and *Cercone, supra.*

In addition, Perlberger, in his answer to Appellee's Complaint, admitted that he was delinquent in the mortgage payments. Paragraph six of the Complaint alleges that the total amount due on the mortgage is $349,829.96. Perlberger's response provides:

> **6. Admitted in part, denied in part.** While the Note requires said payment, answering Defendant has been unable to perform his obligations because of the actions of the Defendant, Strausser, and the bad faith actions taken by additional Defendant, Midlantic Home Mortgage Corporation.

Summary judgment is properly granted in mortgage foreclosure actions where the mortgagor admits that he is delinquent in mortgage payments. *Dietzel,* 362 Pa.Super. at 429, 524 A.2d at 952. Perlberger's response clearly reveals that he is delinquent in mortgage payments and that the total amount due on the mortgage is $349,829.96. Therefore, the trial court did not err in granting summary judgment against Perlberger. *Hetrick, supra; Dietzel, supra.*

Perlberger's attempts to prevent the entry of summary judgment by passing this responsibility to Strausser and

Midlantic [5] are futile. First, Perlberger alleges conduct on the part of Strausser which, he believes, should render her solely liable to First Wisconsin. Perlberger's argument is without merit. A mortgagor's claim that another party is primarily liable, and that the mortgagee should collect from that other party before attempting to collect from this mortgagor, is a conclusion of law which will not raise a genuine issue of material fact in order to preclude summary judgment in a mortgage foreclosure action. *First Mortgage Co. of Pennsylvania v. McCall*, 313 Pa.Super. 54, 58, 459 A.2d 406, 408 (1983).

██ Second, as to Perlberger's counterclaims against First Wisconsin's predecessor-in-interest, Midlantic, the trial court properly determined that counterclaims in mortgage foreclosure actions can only be brought if they are a part of, or incident to, the creation of the mortgage itself. *Gourniak, supra*, 411 Pa.Super. 259, 601 A.2d 338. In *Gourniak*, we held that Pa.R.C.P. 1148 would only permit a counterclaim which arises from the same transaction or occurrence from which the plaintiff's action arose. We stated, "[t]his counterclaim is . . . not part of or incident to the creation of the mortgage because the alleged facts giving rise to this counterclaim occurred *after* the parties were in default of the mortgage." *Gourniak*, 411 Pa.Super. at 266, 601 A.2d at 342. In this case, as in *Gourniak*, Perlberger's counterclaims against First Wisconsin's predecessor Midlantic are not part of or incident to the creation of the mortgage because the alleged facts which give rise to his counterclaims occurred *after* the creation of the mortgage and *after* Perlberger and Strausser were in default of the mortgage.

██ Perlberger next claims that it was error for the trial court to grant summary judgment where no discovery had yet been conducted. We disagree. This court is unsympathetic

5. Perlberger instituted a civil action against Midlantic on May 7, 1992, claiming breach of warranty and contract, tortious interference with contract, intentional infliction of emotional distress, and bad faith for, *inter alia,* interfering with Perlberger's ability to gain title to the deed of the mortgaged premises and to resolve this mortgage foreclosure situation.

to Perlberger's concerns as the record shows that almost two years had passed between the filing of his answer to First Wisconsin's complaint and First Wisconsin's filing of its motion for summary judgment, without any effort on the part of Perlberger to conduct discovery. If Perlberger, who is an attorney, felt that discovery was so vital to his case, then he could have taken many different steps to effectuate that goal.

■ Perlberger next claims that it was error for the trial court not to consider First Wisconsin's duty to mitigate damages. Since this claim arose *after* the creation of the mortgage and *after* Appellants were in default of the mortgage, it does not preclude the entry of summary judgment. Pa.R.C.P. 1148; *Gourniak, supra.*

After reviewing the record, we find that Perlberger's last contention, that the trial court erred by not construing the record in the light most favorable to the non-moving party, is meritless. Accordingly, the trial court did not err in granting summary judgment in favor of First Wisconsin and against Perlberger. *Hetrick, supra.*

■ Next, we address Perlberger's appeal from the order entered in the Court of Common Pleas of Chester County (No. 92–02910) granting summary judgment in favor of First Wisconsin in the promissory note action (No. 03907 PHL 93). On appeal, Perlberger raises the same issues as those raised in the previous case regarding First Wisconsin's summary judgment in the mortgage foreclosure action. Similarly, Perlberger's arguments and citations presented in his brief on these issues are almost identical to those presented in his previous case on appeal. Moreover, Perlberger makes no effort to distinguish this promissory note action from the previous mortgage foreclosure action. Accordingly, we find, for the reasons previously presented by this court, that the trial court did not err in granting summary judgment in favor of First Wisconsin.

Orders affirmed.