J-S05029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., HOME EQUITY ASSET TRUST 2004-7, HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2004-7 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL HARTMAN A/K/A MICHAEL A. HARTMAN, INDIVIDUALLY AND IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF CAROL L. HARTMAN A/K/A CAROL LEE HARTMAN, UNKNOWN HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS, OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER CAROL L. HARTMAN A/K/A CAROL LEE HARTMAN, DECEASED | |
| Appellant | No. 901 MDA 2016 |

Appeal from the Order Entered May 10, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 13-3985

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 10, 2017**

Appellant, Michael Hartman, individually and as administrator of his

deceased wife, Carol Hartman's ("Wife") estate, appeals from the order

---

[*] Retired Senior Judge assigned to the Superior Court.

granting summary judgment to Appellee, US Bank National Association ("US Bank") in this mortgage foreclosure action. Hartman contends that the trial court erred in granting summary judgment because (1) the amount owed on the mortgage is not settled as a matter of law, (2) US Bank failed to establish its chain of title to the note and mortgage, and (3) discovery in the case was not complete. After careful review, we affirm.

In 2004, Wife executed a note and mortgage on her property in Hamburg, Pennsylvania in favor of EquiFirst Corporation, with a principal amount of $128,350. In 2007, EquiFirst assigned the mortgage to US Bank as Trustee for Credit Suisse First Boston Heat 2004-7. This assignment was corrected in 2012 to clarify that US Bank had at all relevant times been the mortgagee of Hartman's mortgage.

In 2008, Wife filed a voluntary petition for chapter 13 bankruptcy relief. In her fifth amended plan pursuant to her petition, she acknowledged that she owed arrears to US Bank on the mortgage, and indicated that she intended to pay these arrears in full through a loan modification, a refinance with her husband, or a lump sum payoff. Shortly after filing this plan, Wife passed away.

Michael Hartman was appointed the administrator of Wife's estate, and in 2010, he filed an addendum to Wife's plan. This addendum once again acknowledged that the estate owed arrears on the mortgage, and signaled

an intention to refinance or pay off the arrears within one year of the confirmation of the plan.

In 2011, the bankruptcy court granted US Bank relief from the automatic stay to foreclose on the mortgage. US Bank did not file the instant action until March 21, 2013. After US Bank filed an amended complaint, Hartman filed an answer with new matter, admitting that the mortgage was in default, but asserting that US Bank had indicated that it would permit him to modify the mortgage into his name, but then later refused to follow through. Hartman also filed counterclaims asserting fraud and breach of an implied contract. In a subsequent amendment, Hartman also asserted the defenses of duress, consent, discharge in bankruptcy, estoppel, failure of consideration, unclean hands, fraud, impossibility of performance, justification and unconscionability.

The trial court subsequently granted US Bank's preliminary objections to Hartman's counterclaims, striking them in their entirety. On May 7, 2014, US Bank filed a reply to the amended new matter, and discovery ensued. Other than indicating that he served requests for production upon US Bank, which US Bank objected to, there is no indication in the record of any discovery activity in this case. Hartman did not file a motion to compel.

On February 5, 2016, US Bank filed a motion for summary judgment. In his response to the motion, Hartman asserted that  the loan was not in default, and that US Bank was required to modify the mortgage pursuant to

the bankruptcy plan. Hartman did not contend that discovery had not closed until oral argument on the motion. After hearing argument, the trial court entered an order granting summary judgment and this timely appeal followed.

We review a challenge to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

On appeal, Hartman first argues that the trial court erred in granting summary judgment, as he believes that the amount owed on the loan is in dispute and not settled as a matter of law. In its complaint, US Bank stated the following:

- 4 -

10. Defendants are in default under the terms of the aforesaid Mortgage for, inter alia, failure to pay the monthly installments of principal and interest due August 1, 2009.

11.   As of 05/14/2013, the amount due and owing Plaintiff on the mortgage is as follows:

| | |
|---|---|
| Principal Balance | $123,504.11 |
| Interest from 7/01/2009 to 05/14/2013 | $38,941.48 |
| Late Charges | $762.37 |
| Property Inspections | $435.00 |
| BPO/Appraisals | $455.00 |
| Escrow Deficit | $15,408.56 |
| **TOTAL** | **$179,611.52** |

Amended Complaint, at ¶¶ 10-11.

In Hartman's answer, he denied defaulting on the payment obligation under the Mortgage, and amounts due and owing under the Mortgage as conclusions of law.

10. Denied. The averments in Paragraph 10 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. By way of further answer, the Plaintiff has refused to accept payments made by Defendants.

11. Denied. The averments in Paragraph 11 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.

Answer, at ¶¶ 10-11.

In *First Wis. Trust. Co. v. Strausser*, 653 A.2d 688, 694 (Pa. Super. 1995), the mortgagor similarly responded to the bank's allegation in the complaint regarding the total amount due by denying the allegation as a conclusion of law. *See id*., at 694. The panel noted that such an assertion by the mortgagor "amounted to nothing more than general denials which are

- 5 -

considered admissions under Pa.R.C.P. 1029(b)…." ***Id***. Thus, the panel found the trial court's entry of summary judgment was proper.

Here, as in ***Strausser***, Hartman responded to US Bank's allegation by denying it as a conclusion of law. While it is true that mere conclusions of law require no denial because they are deemed to be denied, US Bank's averments also include assertions of fact that required specific denials.

The assertion that Hartman is in default of the mortgage is indeed a conclusion of law to which US Bank needs factual support and to which Hartman need not reply. However, US Bank also makes factual assertions that Hartman failed to pay the monthly installments due August 1, 2009. Such assertions of fact are well within the knowledge of the mortgagor. ***See***, ***e.g.***, ***New York Guardian Mortg. Corp. v. Dietzel***, 524 A.2d 951, 952 (Pa. Super. 1987). Because Hartman is the only party, aside from US Bank, to have the specific knowledge to refute the assertion, his general denial amounts to an admission under Pa.R.C.P. 1029(b).

Furthermore, the averments in paragraph 11 are entirely factual. Thus, Hartman's failure to plead specific facts in response to the amounts due contained therein must also be considered admissions under Pa.R.C.P. 1029(b). As we find that Hartman effectively admitted to all of US Bank's allegations in the complaint regarding his failure to make payments under the mortgage and the amounts due and owing, we agree with the trial court

that there are no genuine issues of material fact regarding Hartman's default.

Hartman also contends that there is a disputed issue of material fact regarding his defense of negligent misrepresentation. Initially, we note that Hartman does not identify, and our search cannot locate, any document in the record where he explicitly raised this defense. It is, therefore, arguably waived. **See** Pa.R.A.P. 302(a). However, even assuming that it was properly preserved, we note that Hartman has failed to provide any evidence to support his assertion that US Bank promised him a loan modification. Accordingly, we find no error in the trial court's entry of summary judgment in favor of US Bank.

Next, Hartman argues that the trial court erred in granting summary judgment as Hartman believes that US Bank has not established that it has standing to prosecute this foreclosure. Hartman has arguably waived this issue, as he did not raise it in any pleading, or his written response to US Bank's motion for summary judgment. However, even assuming that the issue was preserved in oral argument on the motion for summary judgment, we conclude that US Bank had standing to prosecute this foreclosure action.

"[I]n an action based upon a contract, the complainant, to establish standing, must plead and prove its right to sue under that instrument." **JP Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258, 1263 (Pa. Super. 2013). The holder of a note that is indorsed in blank is entitled to enforce

the note under the UCC, "even if there remain questions as to the chain of possession of the Note from the time of its making to its arrival" in the holder's possession. *Id*., at 1267.

Hartman does not contest that the note is subject to the UCC, or that it is indorsed in blank. Instead, he focuses on the fact that US Bank did not provide the original assignment of the mortgage. He then switches gears and cites a bankruptcy case where the underlying note was not properly indorsed to the plaintiff. **See** Appellant's Brief, at 13. After reviewing the record, we are satisfied that US Bank is indeed in possession of the underlying note, which is indorsed in blank. It therefore had standing to pursue this action, and Hartman's second issue on appeal merits no relief.

In his final issue on appeal, Hartman argues that the trial court erred in granting summary judgment, as discovery was still ongoing. Once again, this issue is arguably waived, as it is not present in Hartman's response to the motion for summary judgment. However, once again, even assuming that it has been preserved for our review through oral argument on the summary judgment motion, we conclude that there is no merit to this issue.

Hartman filed a certificate of service for requests of production of documents in June 2014. US Bank filed a certificate of service for its objections to the request for production. Neither of the underlying documents is in the certified record, just the certificates of service.

From that point until the time US Bank filed the motion for summary judgment in February 2016, there is no indication in the record that Hartman made any attempt to (1) compel compliance with the request for production, or (2) engage in any other form of discovery. Over a year and a half passed with no activity. Hartman's claim that he was engaged in active discovery on this case is belied by the record. No relief is due on Hartman's third and final issue on appeal.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2017