J-A31035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION S/B/M CHASE HOME FINANCE, LLC S/B/M TO CHASE MANHATTAN MORTGAGE CORPORATION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIAM J. HAGEMAN | |
| Appellant | No. 999 EDA 2016 |

Appeal from the Order February 25, 2016
in the Court of Common Pleas of Wayne County Civil Division
at No(s): No. 102-CIVIL-2014

BEFORE: BENDER, P.J.E., MOULTON , J., and FITZGERALD, J.[*]

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 30, 2017**

Appellant, William J. Hageman, appeals from the order granting summary judgment to JP Morgan Chase Bank, N.A. ("Appellee") in the amount of $85,214.62 plus interest from January 1, 2016 and other costs and charges in this mortgage foreclosure action. Appellant argues that he made a lump sum mortgage payment of $36,000.00 that Appellee failed to credit to his account. Appellee responds that Appellant has failed to make mortgage payments since August 1, 2012, and that Appellee in fact credited the $36,000.00 payment to Appellant's account. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

On March 10, 2000, Appellant obtained a loan from Matrix Financial Services Corporation ("Matrix") secured by a mortgage on Appellant's property at 363 Racht Road, a/k/a 600 Racht Road, in South Canaan, Pennsylvania. R.R. 13a, 66a.[1] Matrix recorded the mortgage several days later. On March 12, 2001, Matrix assigned the mortgage to Appellee. *Id.* at 13a, 250-51a.

On February 27, 2014, Appellee filed a foreclosure complaint against Appellant alleging that the mortgage was in default as of August 1, 2012. *Id.* at 24-26a. Appellant filed an answer to the complaint admitting that he had "suspended" payments to Appellee because Appellee "mishandled the loan, payment history (transaction record) and reinstatements." *Id.* at 36a.

On January 26, 2016, Appellee filed a motion for summary judgment attaching a transaction history showing all payments and charges to Appellant's mortgage account. *Id.* at 224-352a. On February 22, 2016, Appellant filed a response in opposition to Appellee's summary judgment motion and his own cross-motion for summary judgment. Appellant argued that (1) he had made a lump sum payment of $36,000.00 in December 2011; (2) Appellee failed to credit this payment to his account; and therefore (3) he was entitled to stop making mortgage payments. *Id.* at 353-79a.

---

[1] For the parties' convenience, we cite to the reproduced record.

On February 24, 2016, the trial court held oral argument on Appellee's summary judgment motion. Counsel for Appellee demonstrated that Appellee credited Appellant with the $36,000.00 payment, but Appellant still went into default in August 2012 and remained in default thereafter. *Id.* at 392-95a. Specifically, in December 2011, Appellee credited Appellant's account with $62,513.93, consisting of the $36,000.00 lump sum payment and a second lump sum payment of over $26,000.00. *Id.* Appellant's transaction history had "[twenty-eight] transaction entries . . . which divides up that [$36,000.00]" into principal, interest and escrow. *Id.* at 393a. The total payment of $62,513.93 made Appellant current as of the end of 2011. *Id.* at 395a. Appellant continued to make monthly payments for the first seven months of 2012. *Id.* After July 2012, however, Appellant stopped making payments. *Id.* Throughout oral argument, Appellant never disputed that he failed to make payments after July 2012. *Id.* at 383-98a.

In an order docketed on February 25, 2016, the court entered summary judgment in favor of Appellee, but it did not expressly decide Appellant's cross-motion for summary judgment. On Monday, March 28, 2016, Appellant filed a notice of appeal.[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925. On May 22, 2017, pursuant to Pa.R.A.P.

---

[2] The thirtieth day after entry of the order granting summary judgment to Appellee fell on Sunday, March 27, 2016. Accordingly, Appellant's appeal on March 28, 2016 was timely. *See* 1 Pa.C.S. § 1908 (excluding weekends and holidays from computation of time when last day of time period falls on a weekend or holiday).

905(a)(5), we directed the trial court to enter an order amending its February 25, 2016 order to decide Appellant's cross-motion for summary judgment. On May 26, 2017, the trial court amended its prior order to deny Appellant's cross-motion for summary judgment, thus perfecting our jurisdiction over this appeal.

Appellant raises the following issues in this appeal:

> 1. Did the trial court commit an error of law and abuse its discretion in granting [Appellee's] motion for summary judgment when the court failed to consider the servicing of the loan and application of payments?
>
> 2. Did the trial court commit an error of law and abuse its discretion granting a motion for summary judgment when there is clear evidence that the Veteran's Administration was and remains involved, and due to the fact that [Appellee] ignored the VA requirements, thus creating a factual issue and equitable defense?

Appellant's Brief at 3 (capitalization omitted).

Our review is governed by the following principles:

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then,
>
>> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether

there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation marks omitted).

It is well-established that

[w]here the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Further, failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

***Truax v. Roulhac***, 126 A.3d 991, 997 (Pa. Super.) (*en banc*), (citation and quotation marks omitted), *appeal denied*, 129 A.3d 1244 (Pa. 2015).

The plaintiff has standing to bring a foreclosure action if it "(1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank." ***See Gerber v. Piergrossi***, 142 A.3d 854, 859-60 (Pa. Super. 2016) (citation and emphasis omitted). A mortgage foreclosure complaint shall set forth the parties to and date of the mortgage and any assignments; a description of the land subject to the mortgage; the names, addresses and interests of the defendants; a specific averment of default; an itemized statement of the amount due; and a demand for judgment for the amount due. ***See*** Pa.R.Civ.P. 1147(a). Summary judgment is proper in a mortgage foreclosure action "where the

- 5 -

mortgagor admits that he is delinquent in mortgage payments." *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 694 (Pa. Super. 1995) (citation omitted).

In this case, the record is clear that Appellee is the assignee of the mortgage, and that Appellant failed to make mortgage payments after July 2012. Therefore, the trial court properly entered summary judgment in favor of Appellee. *See id.*

Appellant claims that he was entitled to stop making payments because Appellee failed to credit him with his lump sum payment of $36,000.00 in December 2011. The record establishes, however, that Appellee **did** credit Appellant with this payment. The transaction history that Appellee attached to its summary judgment motion and described during oral argument on the summary judgment motion demonstrates that Appellee credited Appellant's account with $62,513.93 in December 2011, which included the $36,000.00 payment plus another lump sum payment of over $26,000.00. There is no genuine issue of material fact that Appellant lacks a valid reason for defaulting on his mortgage obligations.

In his second argument, Appellant insists that Appellee failed to comply with guidelines promulgated by the Secretary of Veteran Affairs. Appellant waived this argument by failing to raise it in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. *See Majorsky v. Douglas*, 58 A.3d 1250, 1260 (Pa. Super. 2012).

For these reasons, we affirm the order granting summary judgment to Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017