J-A17019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, F/K/A/ THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2002-36, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2002-36 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN DIMOU; ANNA DIMOU; AND WACHOVIA BANK NATIONAL ASSOCIATION, OR ITS SUCCESSORS IN INTEREST | |
| APPEAL OF: JOHN AND ANNA DIMOU | No. 2596 EDA 2016 |

Appeal from the Order July 15, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2013-C-4050

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:               **FILED SEPTEMBER 08, 2017**

Appellants, John Dimou and Anna Dimou, appeal from the trial court's order of July 15, 2016, granting summary judgment in favor of Appellee, the Bank of New York Mellon.  After careful review, we affirm.

The trial court set forth the relevant facts as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

The following facts are not in dispute. The Dimous, a married couple, purchased the Property [located at 5250 Pineview Drive, Center Valley, Pennsylvania, 18034] by deed recorded on September 19, 2001. Title was vested in both of their names. They financed the purchase of the Property with two mortgages to Sovereign Bank ("the Sovereign Mortgages").

Under date of November 22, 2002, John refinanced the Property with America's Wholesale Lender. The refinancing was secured by a mortgage recorded and indexed as a lien upon the Property on December 19, 2002. Only John executed the Refinance Mortgage; Anna was not a party to it. The proceeds of the Refinance Mortgage were used to satisfy the Sovereign Mortgages. The Refinance Mortgage was assigned to [Appellee] pursuant to an Assignment of Mortgage recorded on June 12, 2012.

In its Amended Complaint, [Appellee] alleged the failure of Anna to execute the Refinance Mortgage was "[d]ue to an apparent mistake and despite the apparent intentions of the parties . . ." and that "[a]t all times material and relevant hereto, America's Wholesale Lender and the Dimous intended that the Refinance Mortgage encumber the property . . ."

*See* Trial Court Opinion (TCO), 10/27/16, at 2-3 (citations to the record omitted).

Appellee instituted this action by the filing of a complaint to quiet title on November 13, 2013, seeking to have the mortgage reformed to encumber the interests of Anna Dimou and declare the mortgage as senior in lien priority to a mortgage held by Wachovia Bank.[1] *See* Compl., 11/13/13, at ¶ 15. Appellants filed an answer with new matter in response,

_____

[1] This mortgage was recorded February 21, 2003, under Instrument Number 70604696 with the Recorder of Deeds of Lehigh County. *See* Compl., 11/13/13, at ¶ 3. The Wachovia mortgage was not attached as an exhibit to either the complaint or amended complaint.

denying that Anna Dimou had intended to be encumbered by the mortgage. *See* Answer, 12/31/13, at ¶¶ 1-15.

In March 2015, Appellee filed its first motion for summary judgment, which the court denied. By permission of the court, Appellee filed an amended complaint on October 13, 2015, requesting a reformation of the mortgage and adding a count for declaratory relief under the doctrine of the entireties presumption and an alternative count for an equitable lien. *See* Am. Compl., 10/13/15, at ¶¶ 17-44. Appellants filed an answer with new matter in response.

In April 2016, Appellee filed a motion for summary judgment. The motion averred that Appellants had failed to come forward with any evidence to rebut the entireties presumption. *See* Mot. for Summ. J., 4/22/16, at ¶ 37.

Appellants filed an answer in opposition. On July 15, 2016, the court granted Appellee's motion.

Appellants timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

On appeal, Appellants raise the following question for our review:

Did the trial court judge abuse his discretion in determining that there was no genuine issue of material fact as to whether John Dimou's actions benefitted his marriage?

Appellant's Brief at 5.

Appellants contend that the trial court abused its discretion in granting summary judgment and determining that no genuine issue of material fact existed regarding whether the refinanced mortgages benefitted the marital unit. *See* Appellant's Brief at 11. Essentially, they claim that 1) the refinanced mortgage increased the principal and remaining duration of the mortgage; 2) Anna Dimou had no knowledge of the refinance mortgage until ten years after the document had been executed; and 3) because the trial court denied Appellee's first motion for summary judgment, it should have denied the second. *Id.*

Our scope and standard of review of an order granting summary judgment are well-settled.

> [S]ummary judgment is properly granted where there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law. Summary judgment may be granted only where the right is clear and free from doubt. The moving party has the burden of proving that there is no genuine issue of material fact. The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion.

*First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 691 (Pa. Super. 1995) (internal citations and quotations omitted).

When mortgagors own properties as tenants by the entireties, the "presumption . . . is that during the term of a marriage, either spouse has the power to act for both, without specific authority, so long as the benefits

of such action inure to both." ***News Printing Co. v. Roundy***, 597 A.2d 662, 666 (Pa. Super. 1991) (quoting ***J.R. Christ Construction Company v. Olevsky***, 232 A.2d 196, 199 (Pa. 1967)). The presumption does not require knowledge on the part of the other spouse and may be rebutted if the spouse so acting was not authorized to act by the other spouse. ***J.R. Christ Construction Company***, 232 A.2d at 199. A spouse seeking to rebut the presumption must establish by a preponderance of the evidence that, at the time of the contract, the contracting spouse was not authorized to act for or bind the other spouse. ***Id.***

Accordingly, in order to rebut the presumption of entireties, Anna Dimou had to establish by a preponderance of the evidence that John Dimou did not have the authority to refinance the house. ***See***, ***e.g.***, ***News Printing Co.***, 597 A.2d at 666; ***J.R. Christ Construction Company***, 232 A.2d at 199. Appellants did not establish this.

To the contrary, the facts established that Anna Dimou and John Dimou were married; the Property was jointly titled in their names; the original mortgages were in both of their names; and the proceeds from the refinance were used to satisfy the original mortgages. John Dimou testified that the mortgage was offered to him in his name only but that he took the advice of his broker and signed it without Anna Dimou. Anna Dimou testified that she "does not do any of her finances" and had no reason to believe her husband would act in a way that was not beneficial to her in managing her

finances. Further, the refinance consolidated two mortgages into one mortgage at a lower interest rate.

Nothing in the record, nor in Appellants' argument, demonstrates that John Dimou did not have the authority to enter into a mortgage on Anna Dimou's behalf. On the contrary, Appellants' argument focuses on lack of knowledge, which is not a factor in the presumption of entireties. *See*, *e.g.*, *J.R. Christ Construction Company*, 232 A.2d at 199.

Appellants' contention that they did not inure a benefit because the principal and length of the mortgage increased is of no moment. First, the proceeds of the refinance were used to satisfy two mortgages held in both Anna Dimou and John Dimou's names. Second, it is only logical that the consolidation of two mortgages into a single mortgage would increase the principal, as both mortgages had accumulated interest during their lifetimes. Despite the increase of the principal and term, the benefits were the lower interest rate and lower monthly payment, facts Appellants conveniently ignore.

Finally, Appellants' argument that the court abused its discretion in granting a motion for summary judgment after first denying it is meritless. The first motion was denied without prejudice to satisfy a dispute of fact and to give Anna Dimou additional time for discovery to produce evidence to rebut the presumption that she had authorized her husband to refinance the property. *See* Order, 5/28/15, at 1-2. Following further discovery, the

court granted the motion. Thus, as discussed above, this was not an error or abuse of discretion in the court's conclusion that Appellants were bound by the presumption of the entireties or in its granting of summary judgment in favor of Appellees. ***First Wisconsin Trust Co.***, 653 A.2d at 691.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017