J-A10002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JONATHAN RAMIREZ-AGUILAR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD SICINSKI | : | No. 1476 EDA 2020 |

Appeal from the Order Entered June 24, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190500907

| | | |
|---|---|---|
| JONATHAN RAMIREZ-AGUILAR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD SICINSKI | : | No. 1477 EDA 2020 |

Appeal from the Order Entered June 22, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 190500907

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    Filed: September 9, 2021

Jonathan Ramirez-Aguilar filed a notice of appeal from the trial court's June 22, 2020 order denying his motion to vacate the preclusion order entered by the court as a sanction for discovery violations in the personal injury action he initiated against Edward Sicinski. Ramirez-Aguilar also filed a separate

_____

[*] Retired Senior Judge assigned to the Superior Court.

notice of appeal challenging the June 24, 2020 order, issued by a different trial court, which granted Sicinski's motion for summary judgment. This Court *sua sponte* consolidated the appeals, and we now affirm both orders being appealed.

On May 10, 2019, Ramirez-Aguilar filed a complaint against Sicinski seeking damages from a motor vehicle accident between the two in 2017. An arbitration date was set for February 24, 2020. In June of 2019, Sicinski sent Ramirez-Aguilar Interrogatories and Requests for Production of Documents.

Ramirez-Aguilar did not respond and, on October 4, 2019, Sicinski filed a motion to compel responses to his Interrogatories and Requests for Production. Ramirez-Aguilar did not contest the motion, and the Honorable Lori Dumas granted the motion and ordered Ramirez-Aguilar to file responses within 20 days of the order. Ramirez-Aguilar did not comply, leading Sicinski to file a motion for sanctions on December 5, 2019. A hearing on the motion was scheduled for December 19, 2019. One day before the hearing, Ramirez-Aguilar served his responses to Sicinski's interrogatories, as well as "all discoverable documents in [Ramirez-Aguilar]'s possession" at the time.

Sicinski nonetheless indicated his intention to pursue his motion for sanctions, as Ramirez-Aguilar had only provided him medical documents from the EMS and the hospital, and not with any records from Ramirez-Aguilar's post-accident treating physician. The parties agreed that Ramirez-Aguilar would be allowed 30 additional days to fully respond to Sicinski's requests and

- 2 -

that if he again failed to comply, Sicinski could seek the preclusion of evidence upon further application to the court. The Honorable Lisette Shirdan-Harris entered an order to this effect on December 20, 2019.

Ramirez-Aguilar once again did not comply with the order. In response, Sicinski filed a motion for sanctions on February 12, 2020, seeking to preclude Ramirez-Aguilar from testifying and presenting evidence at arbitration/trial.[1] Judge Shirdan-Harris scheduled a hearing on the matter for February 27, 2020, but Ramirez-Aguilar failed to appear at the hearing or otherwise respond to the motion. Judge Shirdan-Harris therefore granted, as uncontested, Sicinski's motion to preclude Ramirez-Aguilar from presenting evidence in an order filed on February 28, 2020 ("preclusion order").

On March 5, 2020, Sicinski filed a motion for summary judgment, which was assigned to the Honorable Paula Patrick. Over two and one-half months later, Ramirez-Aguilar filed an untimely opposition to the summary judgment motion. At the same time, he also filed a motion to vacate Judge Shirdan-Harris's preclusion order. Judge Shirdan-Harris denied Ramirez-Aguilar's motion to vacate in an order entered on June 22, 2020. Judge Patrick, in turn, granted Sicinski's motion for summary judgment on June 24, 2020.

---

[1] On the same date, Sicinski also filed an application to continue the arbitration, which the court granted and set a new arbitration hearing date of April 24, 2020.

Ramirez-Aguilar filed a notice of appeal from Judge Shirdan-Harris's order denying his motion to vacate the preclusion order and a separate notice of appeal from Judge Patrick's order granting Sicinski's motion for summary judgment. Ramirez-Aguilar filed identical Pa.R.A.P. 1925(b) statements of errors complained of on appeal in each matter, and then identical amended statements in which he raised the following two issues:

> 1. The Trial Court committed an error of law and abused its discretion by granting [Sicinski's] Motion for Summary Judgment, when it ignored the evidence that granting summary judgment on the basis of previously precluded evidence was improper when [Ramirez-Aguilar] provided responses to discovery, and filed a Motion to Vacate the preclusion order entered by this Court.

> 2. The Trial Court committed an error of law and abused its discretion by denying [Ramirez-Aguilar's] Motion to Vacate Preclusion, when it ignored the evidence that [Ramirez-Aguilar] had a good-faith basis to vacate the preclusion order in this matter.

Amended Concise Statement of Matters Complained of Upon Appeal Pursuant to Pa.R[.]A[.]P[.] 1925(b), 7/22/20.

In response, both Judge Shirdan-Harris and Judge Patrick issued Pa.R.A.P. 1925(a) opinions. Judge Patrick opined that she had properly granted Sicinski's motion for summary judgment because Judge Shirdan-Harris had denied the motion to vacate the preclusion order, which prevented Ramirez-Aguilar from presenting any evidence or testimony in furtherance of his case. By virtue of this order, Judge Patrick reasoned, Ramirez-Aguilar was unable to prove the elements of his cause of action, and Sicinski had therefore

shown that there was no genuine issue of any material fact as to the necessary elements of that cause of action, entitling him to summary judgment. **See** Pa.R.C.P. 1035.2. In relation to Ramirez-Aguilar's second issue, Judge Patrick concluded that she did not have jurisdiction over the motion to vacate the preclusion order as that had been assigned to, and considered by, Judge Shirdan-Harris.

In her 1925(a) opinion, Judge Shirdan-Harris similarly noted that she did not have jurisdiction over the summary judgment motion as that had been considered by Judge Patrick. Further, Judge Shirdan-Harris concluded that the preclusion of evidence had been a proper remedy for Ramirez-Aguilar's multiple discovery violations, which had been "significant". Trial Court Opinion, 9/22/20, at 5 (unpaginated). As noted above, this Court *sua sponte* consolidated the two matters for appeal.

Ramirez-Aguilar first challenges Judge Shirdan-Harris's order denying his motion to vacate the preclusion order. He contends that the court improperly entered the preclusion order because he responded to discovery - albeit "not in its entirety" - before Sicinski moved for preclusion, and because there was no evidence of bad faith on his part or any prejudice suffered by Sicinski that was not capable of being cured. Appellant's Brief at 9. This claim does not provide Ramirez-Aguilar with any basis for relief.

Under Rule 4019 of the Rules of Civil Procedure, a trial court may "make an appropriate order" if a party "fails to make discovery or to obey an order

of court respecting discovery." Pa.R.C.P. 4019(a)(1)(viii). The decision of whether to sanction a party for such discovery violations, and the severity of any sanction imposed, is vested in the discretion of the trial court. **See Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating**, 698 A.2d 625, 629 (Pa. Super. 1997). This Court will not reverse a trial court's order sanctioning a party unless we find that the trial court abused its discretion in imposing a particular sanction. **See id.**

The most severe sanction a trial court can impose for discovery violations is dismissing an action outright, or entering an order which is tantamount to dismissal in that it leads to summary judgment being entered against the sanctioned party. **See id**. Given the severity of the sanction, a trial court should "dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." **Id.** (citation omitted). When deciding whether dismissal of a cause of action is the appropriate sanction for discovery violations, the trial court should consider the following factors: (1) the nature and severity of the violation; (2) the willfulness or bad faith of the noncomplying party; 3) the prejudice to the opposing party; 4) the ability to cure prejudice; and 5) the importance of the precluded evidence in light of the failure to comply with the discovery orders. **See id.**

Here, Judge Shirdan-Harris thoroughly considered each of these five factors. Judge Shirdan-Harris first noted that the nature and severity of Ramirez-Aguilar's discovery violations was significant in that he did not

produce initial responses until the day prior to a hearing on Sicinski's motion for sanctions stemming from Ramirez-Aguilar's violation of the court's first order to compel. And even then, Judge Shirdan-Harris noted, Ramirez-Aguilar did not produce "crucial records" from his treating physician following the accident, although he had had six months from the initial discovery requests in which to obtain those records. Trial Court Opinion, 9/22/20, at 6 (unpaginated).

Judge Shirdan-Harris also found that Ramirez-Aguilar acted willfully and in bad faith regarding his failure to comply with discovery requests and orders. To that end, Judge Shirdan-Harris stated:

> [Ramirez-Aguilar] appears to have engaged in a considerably negligent approach to discovery and engaged in repeated discovery violations over the course of a year. Requests for even initial responsive discovery were ignored until [Sicinski] was forced to seek the intervention of this Court for the second time. Further, when [Ramirez-Aguilar] missed the deadline set in the December 2019 Sanctions Order that *he had agreed to* for supplemental discovery (which the agreed upon order also included leave for [Sicinski] to move for preclusion), [Ramirez-Aguilar] did not seek relief in the form of a motion for extraordinary relief to extend discovery. [Ramirez-Aguilar] instead failed to attend the hearing date for the Motion for Sanctions for Preclusion and waited nearly three months to file his Motion to Vacate. Moreover, at no point prior to this Court's grant of summary judgment - over a year after the initiation of this matter - did [Ramirez-Aguilar] actually produce the medical records critical to this case.

*Id.* (emphasis in original).

Judge Shirdan-Harris also found that Sicinski had been prejudiced by Ramirez-Aguilar's discovery violations, noting that Ramirez-Aguilar's

noncompliance left Sicinski in the position of trying to contest damages without the relevant medical records. The Judge pointed out that this prejudice could not be cured without Ramirez-Aguilar's compliance. Lastly, Judge Shirdan-Harris characterized the importance of the evidence of the treating physician's records as "enormous." *Id*. at 7 (unpaginated). Without this information, Judge Shirdan-Harris explained, Sicinski was unable to prepare a defense, engage in settlement negotiations, or form a theory of his case. Instead, the Judge found that Sicinski was forced to guess about critical aspects of the case, such as Ramirez-Aguilar's injuries and the alleged extent of damages.

Weighing all of these factors, Judge Shirdan-Harris made the following conclusion:

> [Ramirez-Aguilar] failed to engage in meaningful discovery and now claims that he should be permitted to benefit from his failure to engage in good faith discovery or cure his default by presenting evidence at trial that he failed to produce. The Court cannot permit a [p]laintiff to disobey the multiple deadlines set by the Court, and avoid the clear consequences that are laid out for a failure to comply. For all the factors considered, particularly the willful failure to correct deficiencies, the Court did not abuse its discretion in precluding [Ramirez-Aguilar] from presenting evidence.

*Id.*

We agree that there was no abuse of discretion on the part of the trial court in entering the preclusion order. In arguing otherwise, Ramirez-Aguilar asserts that his failure to provide discovery did not rise to the level of bad faith because it resulted from his own inability to obtain the medical records

from his treating physician. As Sicinski points out, however, Ramirez-Aguilar does not attempt to explain why he is raising this excuse for the first time on appeal rather than doing so at the hearing regarding Sicinski's motion to preclude, which he failed to attend.

In any event, in support of his argument, Ramirez-Aguilar summarily cites to *City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Breary),* 985 A.2d 1259, 1272 (Pa. 2009), for the proposition that a plaintiff does not act in bad faith where his noncompliance with a subpoena resulted from a "clerical error" and the plaintiff produced the subpoenaed documents once he learned of the inadvertent failure to comply. The circumstances here are entirely different. Ramirez-Aguilar does not allege that he failed to produce the records from his treating physician because of any kind of clerical error. And, unlike the noncomplying party in *Fraternal Order of Police Lodge No. 5,* Ramirez-Aguilar has yet to produce the documents in question. As such, his reliance on *Fraternal Order of Police Lodge No. 5* is misplaced.

Ramirez-Aguilar also contends that any prejudice suffered by Sicinski is "hardly incurable" as Ramirez-Aguilar could, upon remand, simply either provide the missing records or confirm that they do not exist. Appellant's Brief at 14. Notably, Ramirez-Aguilar does not explain why he should be allowed to take either of these actions now after repeatedly failing to do so when faced with the discovery orders compelling him to comply with the discovery requests and after the set arbitration date has already passed.

Instead, Ramirez-Aguilar argues that his case is similar to this Court's unpublished memorandum in **Davis v. Showell,** 3806 EDA 2015, 159 A.3d 1005 (Pa. Super. 2016) (unpublished memorandum). In the first place, absent certain circumstances not present here, an unpublished Superior Court memorandum decision filed prior to May 2, 2019 may not be "relied upon or cited by a Court or a party in any other action or proceeding." **Coleman v. Wyeth Pharm., Inc.,** 6 A.3d 502, 522 n.11 (Pa. Super. 2010) (citations and quotation marks omitted); Superior Court IOP § 65.37(B). Further, even if it were proper to rely upon this case, an unpublished memorandum decision filed prior to May 2, 2019 carries no precedential or persuasive value. **See Commonwealth v. Finnecy,** 249 A.3d 903, 910 n.9 (Pa. 2021); **Commonwealth v. Phinn**, 761 A.2d 176, 179 (Pa. Super. 2000).

Even if it did, **Davis** involved different circumstances from those presented here. The **Davis** panel did find, as Ramirez-Aguilar points out, that the trial court "*in this case*" abused its discretion by dismissing the plaintiff's case as a sanction for her discovery violation. **See id**. at 7 (emphasis in original). However, in doing so, the **Davis** panel noted that the discovery violation underlying the dismissal sanction was the plaintiff's first and did not result from any bad faith on the part of the plaintiff but rather, resulted from an administrative oversight. Moreover, the panel noted that the plaintiff eventually turned over 250 pages of discovery which the panel could not say was an incomplete response to the discovery request.

Here, in contrast, Judge Shirdan-Harris specifically noted that Ramirez-Aguilar had violated multiple discovery deadlines and, again, Ramirez-Aguilar does not allege that his failure to comply with discovery resulted from any kind of administrative oversight. In addition, Ramirez-Aguilar concedes he has not turned over his treating physician's records. Therefore, even if **Davis** was binding authority, Ramirez-Aguilar has failed to demonstrate how **Davis** compels the conclusion that the court abused its discretion by entering the preclusion order here.

Because Ramirez-Aguilar has not shown that Judge Shirdan-Harris abused her discretion by precluding him from introducing evidence at arbitration because of his discovery violations, he likewise has not shown that the judge abused her discretion by denying his motion to vacate that preclusion order. As such, we affirm the order denying the motion to vacate. **See Croydon Plastics Co., Inc**., 698 A.2d at 629.

Next, Ramirez-Aguilar claims that Judge Patrick abused her discretion by entering an order granting Sicinski's motion for summary judgment. His entire argument stems from his contention that this order must be "vacated, as it was rendered in reliance upon [Judge Shirdan-Harris]'s erroneous denial of [his] Motion to Vacate." Appellant's Brief at 18. As we have already determined that Judge Shirdan-Harris did not abuse her discretion in denying Ramirez-Aguilar's motion to vacate the preclusion order, we likewise reject Ramirez-Aguilar's piggy-backed claim that summary judgment was improperly

granted on the basis of that motion. Simply put, the preclusion order precluded Ramirez-Aguilar from presenting evidence and testimony in furtherance of his case at arbitration. As a result, we agree with Judge Patrick that Sicinski demonstrated that there was no genuine issue of material fact regarding the elements of the cause of action and that he was therefore entitled to summary judgment as a matter of law. ***See First Wisconsin Trust Co. v. Strausser***, 653 A.2d 688, 691 (Pa. Super. 1995) (stating that summary judgment is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law).

The June 22, 2020 order denying the motion to vacate the preclusion order is affirmed. The June 24, 2020 order granting the motion for summary judgment is also affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/21

- 12 -